IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**REPLY TO COUNTERCLAIM**

In response to defendant's Counterclaim, Plaintiff, The DIRECTV Group, Inc. ("DIRECTV") admits, denies and alleges as follows:

**JURISDICTION**

73. The allegations in paragraph 73 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**BACKGROUND**

74. The allegations in paragraph 74 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. Regarding the first sentence of paragraph 75, plaintiff lacks knowledge of the allegations contained therein and on that basis denies the allegations. With respect to the second sentence of paragraph 75, plaintiff avers that the purported contract would be the best evidence of its contents and otherwise denies the remaining allegations in that sentence.

76. Regarding the first sentence of paragraph 76, plaintiff lacks knowledge of the allegations contained therein and on that basis denies the allegations. With respect to the second sentence of paragraph 76, plaintiff avers that the purported contract would be the best evidence of its contents and otherwise denies the remaining allegations in that sentence.

77. The allegations in paragraph 77 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. Plaintiff admits that it was a substantial Government contractor for a period of time and that it performed a variety of Government contracts, including both "fixed price" and "flexibly priced" contracts. The remaining allegations in paragraph 78 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

79. Admits that in 1951, DIRECTV instituted a qualified defined benefit pension plan for many of its employees, which was split into two plans in 1980 (the two plans together with the initial plan, collectively, "DIRECTV Plans"), and otherwise denies the allegations contained in the first sentence of paragraph 79. Admits that, over the years, the costs of the DIRECTV Plans were accounted for on a composite basis and were allocated to the segments and home offices whose employees were included in the DIRECTV Plans, and thereafter charged to the Government contracts and other cost objectives of those segments, in accordance with the accounting practices and standards then applicable to Government contracts and Plaintiff, and otherwise denies the allegations contained in the second sentence of paragraph 79. Admits that DIRECTV took costs into consideration in making its pricing proposals for some fixed price contracts, and otherwise denies the allegations contained in the third sentence of paragraph 79.

80. Admits that effective December 17, 1997, DIRECTV completed the Raytheon transaction, a spinoff of DIRECTV's defense business units ("Defense Segment") that was immediately followed by a merger of the Defense Segment with Raytheon, and otherwise denies the allegations in paragraph 80.

81. Admits that in connection with the Raytheon transaction, DIRECTV transferred all of the DIRECTV Plans' assets and liabilities pertaining to the Defense Segment to Raytheon, that actuarial accrued liabilities of $3,310,028,559 pertaining to the Defense Segment's current employees, vested terminated employees and retirees (approximately 75% of the DIRECTV Plans' total liabilities) were transferred to new pension plans established by Raytheon for the Defense Segment ("Raytheon Plans"), and that pension assets of $5,771,415,313 pertaining to

the Defense Segment (approximately 75% of the DIRECTV Plans' assets), including surplus assets of $2,461,386,754, were transferred to Raytheon, and otherwise denies the allegations in paragraph 81.

82. Admits the allegations contained in paragraph 82 to the extent supported by the document referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in paragraph 82.

83. Admits.

84. Admits the allegations contained in paragraph 84 to the extent supported by the document referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in paragraph 84.

85. Admits the allegations contained in the first two sentences of paragraph 85. Denies the allegations contained in the third sentence of paragraph 85 to the extent they imply that calculations under the 1978 and 1995 versions of CAS 413 would be different.

86. Admits the allegations contained in paragraph 86 to the extent supported by the document referred to, which is the best evidence of its contents, and otherwise denies the remaining allegations contained in paragraph 86.

**COUNT 1**

87. DIRECTV restates its previous responses to paragraphs 73 through 86 as though fully set forth herein.

88. The allegations in paragraph 88 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations in paragraph 89 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. The allegations in paragraph 90 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

91. The allegations in paragraph 91 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

92. The allegations in paragraph 92 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

93. The allegations in paragraph 93 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except that plaintiff admits it made no direct payment to the Government under CAS 413.50(c)(12) in connection with the Raytheon transaction.

94. The allegations in paragraph 94 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**FIRST DEFENSE**

Defendant's complaint should be dismissed for failure to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The entire portion of the pension surplus attributable to DIRECTV's CAS-covered contracts arose under contracts including only the original version of CAS 413. Therefore, the calculation of DIRECTV's liability for a segment closing adjustment under 1995 CAS 413-50(c)(12) would constitute a government-imposed change in DIRECTV's accounting practices. Any liability of DIRECTV under 1995 CAS 413-50(c)(12) would have to be adjusted downwards by the amount of any difference between the amount resulting from the application of the original version of CAS 413 and that resulting from the application of the 1995 version of CAS 413, and thus any liability of DIRECTV for any segment closing adjustment is limited to the amount calculated under the original version of CAS 413.

**THIRD DEFENSE**

DIRECTV transferred to Raytheon pension assets that far exceed the sum of (a) the pension plan liabilities transferred to Raytheon and (b) the Government's share of the pension plan surpluses that existed in DIRECTV's pension plans on the date of the transfer. Because DIRECTV transferred all of the pension assets and liabilities pertaining to the Defense Segment to Raytheon, no segment closing adjustment (i.e., payments, or credits against future pension costs, for the Government's share of surpluses in DIRECTV's pension plans) under CAS 413

was required. In addition, even if a segment closing adjustment were required, it is clear that, as a result of DIRECTV's transfer of over $2.46 billion in surplus assets to Raytheon, the pension costs chargeable to the Government by Raytheon have been reduced by far more than the Government's share of the pension plan surpluses that existed in DIRECTV's pension plans on the date of the transfer. Accordingly, the Government has already received the benefit of any segment closing adjustment to which it was entitled and any noncompliance with CAS 413 by DIRECTV did not result in any increased costs paid by the United States.

DIRECTV denies that the Government is entitled to the requested relief.

Respectfully submitted,

s/Alexander F. Wiles

Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: January 6, 2005