IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S UNOPPOSED MOTION FOR LEAVE TO FILE**

**FIRST AMENDED COMPLAINT**

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff The DIRECTV Group, Inc. ("DIRECTV") hereby brings this unopposed motion for leave to file a First Amended Complaint in this action. DIRECTV's proposed First Amended Complaint is attached hereto as Exhibit A. The sole purpose of DIRECTV's instant motion is to avoid a potential jurisdictional issue raised in the First Defense in the answer of the United States and explained to DIRECTV by counsel for the United States at the parties' Early Meeting of Counsel. DIRECTV's First Amended Complaint moots a jurisdictional dispute that would otherwise unnecessarily consume the parties' and the Court's time and resources. Good cause therefore exists for granting DIRECTV's motion.

Counsel for the United States has authorized us to state that the United States does not oppose this motion.

## I. <u>FACTUAL BACKGROUND</u>

On September 3, 2004, DIRECTV filed its original complaint ("Complaint") in this action. DIRECTV's Complaint asserts claims against the United States pursuant to the Contract Disputes Act of 1978 concerning DIRECTV's compliance with Cost Accounting Standard ("CAS") 413. Among other things, DIRECTV's Complaint seeks a determination that

DIRECTV has no liability to the United States under CAS 413 in connection with two transactions: (a) DIRECTV's transfer of what it contends were all pension fund assets and liabilities pertaining to its defense business units ("Defense Segment") to the Raytheon Company ("Raytheon") as part of a transfer of the Defense Segment to Raytheon effective December 17, 1997 (the "Raytheon transaction") and (b) DIRECTV's transfer of what it contends were all pension fund assets and liabilities pertaining to its satellite business units ("Satellite Segment") to the Boeing Company ("Boeing") as part of a sale of the Satellite Segment to Boeing effective October 6, 2000 ("Boeing transaction").

In its answer, the government alleged that this Court does not have jurisdiction over DIRECTV's claim relating to the Boeing transaction. *See* Defendant's Answer and Counterclaim, First Defense. At the parties' Early Meeting of Counsel conducted pursuant to Appendix A of the RCFC, counsel for the government explained the government's position on this jurisdictional issue. According to the government's interpretation, there was no deemed denial by the contracting officer of DIRECTV's claim for an interpretation of contract terms relating to the Boeing transaction, because in a letter dated August 17, 2004, the contracting officer extended to November 24, 2004 his time for issuing a final decision on that claim. Thus, according to the government, there was no final decision by the contracting officer on DIRECTV's claim relating to the Boeing transaction, by deemed denial or otherwise, at the time DIRECTV filed its Complaint, and the Court, therefore, has no jurisdiction over that claim.

DIRECTV disputes the government's jurisdictional challenge to DIRECTV's claim relating to the Boeing transaction. In DIRECTV's view, by the time DIRECTV filed its Complaint on September 3, 2004, there was a deemed denial by the contracting officer of DIRECTV's claim for an interpretation of contract terms with respect to the Boeing transaction. DIRECTV believes the contracting officer had no authority to extend his time for issuing a final decision, because DIRECTV's claim for an interpretation of contract terms was not a "claim of more than $100,000" within the meaning of the Contract Disputes Act of 1978. 41 U.S.C. § 605 (providing that contracting officer "shall" issue decision on "any submitted claim of $ 100,000 or less" within 60 days of request); *cf*. FAR § 33.211(c) (same). Instead, in DIRECTV's view, its

claim simply sought a determination that DIRECTV has no monetary liability to the government in connection with the Boeing transaction. Accordingly, DIRECTV believes there was, indeed, a final decision by the contracting officer on DIRECTV's claim relating to the Boeing transaction and this Court now has jurisdiction over that claim.

The parties realize, however, that it would be a waste of the parties' as well as the Court's time and resources to litigate this jurisdictional dispute. For this reason, the parties have agreed to the following simplified and efficient procedure, which will avoid this potential jurisdictional dispute altogether. (The parties' proposed procedure is set forth in more detail in the parties' concurrently filed Joint Scheduling Motion.)

First, in a spirit of cooperation, DIRECTV has agreed to voluntarily amend its Complaint and to withdraw – for the present time only and without prejudice – its claim relating to the Boeing transaction (Counts II, V, and VII of its Complaint). Accordingly, DIRECTV's proposed First Amended Complaint only asserts a claim relating to the Raytheon transaction. Second, upon the filing of DIRECTV's First Amended Complaint, the contracting officer will resume consideration of DIRECTV's claim for an interpretation of contract terms with respect to the Boeing transaction. Counsel for the government has contacted the contracting officer and represented that the contracting officer intends to issue a final decision on this claim within 80 days after the Court permits the filing of DIRECTV's First Amended Complaint.[1] Third, assuming an unfavorable decision by the contracting officer, DIRECTV will file a further amended complaint in this case reasserting its claim relating to the Boeing transaction. At that point, there will be no dispute that the contracting officer has issued a final decision. This procedure will resolve any possible doubt as to the Court's jurisdiction over DIRECTV's claim relating to the Boeing transaction.

[1] In his August 17, 2004, letter the contracting officer extended by 98 days (to and including November 24, 2004) his time for issuing a final decision. When DIRECTV filed its complaint herein on September 3, 2004, approximately 17 of those 98 days had elapsed, leaving approximately 80 days remaining.

There is no dispute that this Court has jurisdiction over DIRECTV's challenges to the contracting officer's First and Second Final Decisions and deemed denial of DIRECTV's First Claim relating to the Raytheon transaction, as set forth in DIRECTV's First Amended Complaint.

## II. DISCUSSION

Rule 15(a) of the RCFC provides that a party may amend its pleading by leave of court and that such "leave shall be freely given when justice so requires." With respect to corresponding Rule 15(a) of the Federal Rules of Civil Procedure, the Supreme Court stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, by 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, justice clearly requires that DIRECTV's motion for leave to amend be granted. As set forth above, the sole purpose of DIRECTV's motion is to avoid a potential jurisdictional dispute that the United States raised concerning this Court's jurisdiction over DIRECTV's claim relating to the Boeing transaction. In its proposed First Amended Complaint, DIRECTV withdraws its Boeing transaction claim (Counts II, V, and VII of its Complaint) for the present time and without prejudice, thereby mooting a jurisdictional dispute that would otherwise unnecessarily consume the parties' and the Court's time and resources. Good cause therefore exists for granting DIRECTV's motion for leave to file the attached First Amended Complaint. The United States agrees and thus does not oppose DIRECTV's motion.

## III. CONCLUSION

For the foregoing reasons, DIRECTV respectfully requests that the Court grant its unopposed motion for leave to file the attached proposed First Amended Complaint. A proposed order granting DIRECTV's motion is filed herewith.

Respectfully submitted,

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for

THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

Dated: March 18, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of March, 2005, a copy of the foregoing **DIRECTV'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles