IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**JOINT SCHEDULING MOTION**

Plaintiff The DIRECTV Group, Inc. and Defendant United States of America hereby submit this Joint Scheduling Motion.

As set forth in DIRECTV's concurrently filed Unopposed Motion For Leave To File First Amended Complaint ("Motion for Leave"), DIRECTV has sought leave to file a First Amended Complaint that withdraws without prejudice DIRECTV's claim pursuant to the Contract Disputes Act of 1978 concerning its compliance with Cost Accounting Standard 413 in connection with its sale of its satellite business units to the Boeing Company in 2000 ("Boeing transaction"). As explained in more detail in the Motion for Leave, DIRECTV filed that motion to avoid a potential jurisdiction dispute concerning DIRECTV's claim relating to the Boeing transaction and to re-vest the contracting officer with jurisdiction over that claim. Based on conversations between counsel for the United States and the Contracting Officer, the parties anticipate that the contracting officer will issue his final decision within 80 days of being re-vested with jurisdiction over that claim. The parties anticipate that, unless the Contracting Officer approves DIRECTV's claim relating to the Boeing transaction, DIRECTV will reassert that claim in this Court following the contracting officer's decision. DIRECTV's claim concerning its compliance with Cost Accounting Standard 413 in connection with its sale of its defense business units to the

Raytheon Company in 1997 ("Raytheon transaction") remains pending in DIRECTV's proposed First Amended Complaint.

DIRECTV's claim relating to the Boeing transaction and its claim relating to the Raytheon transaction raise numerous common factual and legal issues. The parties accordingly agree that it will conserve the time and resources of the parties and the Court for these claims to be litigated together. The alternative – proceeding now only on DIRECTV's claim relating to the Raytheon transaction – would be inefficient and would necessarily result in duplication of effort later in the case, assuming DIRECTV's claim relating to the Boeing transaction is reasserted in this action. As a result, the parties jointly request that the Court adopt the following scheduling proposal pending the contracting officer's final decision on, or deemed denial of, DIRECTV's claim relating to the Boeing transaction.

**1.** All proceedings and deadlines in this case shall be stayed upon DIRECTV's filing of its First Amended Complaint by leave of Court.

**2.** This stay shall remain in place until 20 days after the contracting officer issues his final decision on DIRECTV's claim relating to the Boeing transaction or the deemed denial of that claim.

**3.** During the stay period, the parties will engage in informal efforts to narrow the factual and legal disputes at issue in this case.

**4.** Within 10 days of the contracting officer's final decision on, or deemed denial of, DIRECTV's claim relating to the Boeing transaction, DIRECTV may move for leave to file a new amended complaint that reasserts DIRECTV's claim relating to the Boeing transaction. Assuming the United States agrees there has been a final decision on, or deemed denial of, DIRECTV's claim relating to the Boeing transaction, counsel for the United States agrees that the United States will not oppose such motion by DIRECTV to reassert its claim relating to the Boeing transaction against the United States in a further amended complaint.

**5.** Due to the Stay, the United States need not file an answer to the Amended Complaint at this time. If, after the stay is lifted, DIRECTV does not seek leave to file a new amended complaint, the United States shall answer or otherwise respond to the Amended Complaint on the 40th day following the lifting of the stay. If DIRECTV does seek leave to file a new amended complaint, the United States shall have 30 days from the date DIRECTV files its new amended complaint to answer or otherwise respond to DIRECTV's new amended complaint.

**6.** Other proceedings will follow in accordance with the rules from the filing by the United States of its answer and from DIRECTV's answer to any amended counterclaim.

The parties believe that the foregoing schedule will promote judicial efficiency and will avoid the prospect of duplicative pleadings, case management proceedings, discovery and motion practice which would otherwise be likely to result if DIRECTV's claim relating to the Raytheon transaction were litigated on a different schedule from its similar claim relating to the Boeing transaction. Moreoever, at the early meeting of counsel, the parties identified several areas where they believe informal cooperation may narrow the factual and legal disputes actually at issue in this case. If the Court adopts the schedule the parties propose, counsel intend to use the period during which this case is stayed to engage in cooperative, informal efforts to narrow the factual and legal disputes at issue. Accordingly, the parties jointly urge the Court to adopt the foregoing scheduling proposal for the upcoming phase of this litigation.

Respectfully submitted,

s/ Alexander F. Wiles
ALEXANDER F. WILES
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ C. Coleman Bird
C. COLEMAN BIRD

Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States of America

OF COUNSEL:
William Manley
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Dated: March 18, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of March, 2005, a copy of the foregoing **JOINT SCHEDULING MOTION** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles