IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S UNOPPOSED MOTION FOR LEAVE TO FILE**

**SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff The DIRECTV Group, Inc. ("DIRECTV") hereby brings this unopposed motion for leave to file a Second Amended Complaint in this action. DIRECTV's proposed Second Amended Complaint is attached hereto as Exhibit A. The sole purpose of DIRECTV's instant motion is to reassert claims that DIRECTV asserted in its original complaint in this action, but which DIRECTV temporarily and without prejudice withdrew in its First Amended Complaint to avoid a potential jurisdictional issue raised in the First Defense in the answer of the United States. This jurisdictional issue has now been resolved. The parties and the Court specifically contemplated and agreed in the Parties' Joint Scheduling Motion dated March 18, 2005, and the Court's April 5, 2005, Scheduling Order that DIRECTV would seek leave to file an amended complaint reasserting such claims in the action at this time, and that, as the Court summarized, "the government will not oppose the plaintiffs motion for leave to file an amended complaint unless it disagrees that there has been a final decision on the plaintiffs Boeing transaction claim."

Plaintiff does not anticipate a dispute over that issue, and Counsel for the United States has authorized us to state that the United States does not oppose this motion. Good cause therefore exists for granting DIRECTV's motion.

## I. **FACTUAL BACKGROUND**

On September 3, 2004, DIRECTV filed its original complaint ("Complaint") in this action. DIRECTV's Complaint asserted claims against the United States pursuant to the Contract Disputes Act of 1978 concerning DIRECTV's compliance with Cost Accounting Standard ("CAS") 413. Among other things, DIRECTV's Complaint sought a determination that DIRECTV has no liability to the United States under CAS 413 in connection with two transactions: (a) DIRECTV's transfer of what it contends were all pension fund assets and liabilities pertaining to its defense business units ("Defense Segment") to the Raytheon Company ("Raytheon") as part of a transfer of the Defense Segment to Raytheon effective December 17, 1997 (the "Raytheon transaction") and (b) DIRECTV's transfer of what it contends were all pension fund assets and liabilities pertaining to its satellite business units ("Satellite Segment") to the Boeing Company ("Boeing") as part of a sale of the Satellite Segment to Boeing effective October 6, 2000 ("Boeing transaction").

In its answer, the government alleged that this Court did not have jurisdiction over DIRECTV's claim relating to the Boeing transaction. *See* Defendant's Answer and Counterclaim, First Defense. At the parties' Early Meeting of Counsel conducted pursuant to Appendix A of the RCFC, counsel for the government explained the government's position on this jurisdictional issue. According to the government's interpretation, there was no deemed denial by the contracting officer of DIRECTV's claim for an interpretation of contract terms relating to the Boeing transaction, because in a letter dated August 17, 2004, the contracting officer extended to November 24, 2004 his time for issuing a final decision on that claim. Thus, according to the government, there was no final decision by the contracting officer on DIRECTV's claim relating to the Boeing transaction, by deemed denial or otherwise, at the time DIRECTV filed its Complaint, and the Court, therefore, has no jurisdiction over that claim.

Although DIRECTV disputed the government's jurisdictional challenge to DIRECTV's claim relating to the Boeing transaction, in a spirit of compromise and to avoid an unnecessary jurisdictional issue, DIRECTV agreed to voluntarily amend its Complaint and to withdraw – temporarily and without prejudice – its claim relating to the Boeing transaction (Counts II, V,

and VII of its Complaint) so that the contracting officer could issue a final decision with respect to that transaction. Accordingly, on March 18, 2005, DIRECTV filed an unopposed motion for leave to file a First Amended Complaint, which the Court granted on April 5, 2005. DIRECTV's First Amended Complaint only asserted claims relating to the Raytheon transaction.

On April 5, 2005,, the Court, at the parties' request, issued a Scheduling Order which provided, among other things in Paragraph 3 that:

> Within 10 days of the Contracting Officer's final decision on, or deemed denial of, the plaintiffs Boeing transaction claims, the plaintiff may seek leave to file a new amended complaint that reasserts the plaintiff's Boeing transaction claims. The Court understands that the parties have agreed that the government will not oppose the plaintiff's motion for leave to file an amended complaint unless it disagrees that there has been a final decision on the plaintiffs Boeing transaction claim. The plaintiff will advise the Court in its motion for leave to file whether it anticipates a dispute over that issue.

Pursuant to the parties' agreement in the Joint Scheduling Motion, the contracting officer resumed consideration of DIRECTV's claim for an interpretation of contract terms with respect to the Boeing transaction upon the filing of DIRECTV's First Amended Complaint. On June 14, 2005, the contracting officer issued a final decision with respect to the Boeing transaction. The contracting officer's final decision denied DIRECTV's claim for an interpretation of contract terms with respect to the Boeing transaction and asserted a demand for payment in the amount of $12,197,704, plus interest, for alleged noncompliance with CAS 413. The government does not oppose DIRECTV's motion because it aggress that the June 14, 2005 contracting officer's decision was a final decision on DIRECTV's Boeing transaction claim. Consequently, DIRECTV does not anticipate a dispute over that issue. Accordingly, DIRECTV now seeks to file the attached proposed Second Amended Complaint, which reasserts DIRECTV's claims relating to the Boeing transaction as contemplated by the Court's Scheduling Order.

## II. DISCUSSION

Rule 15(a) of the RCFC provides that a party may amend its pleading by leave of court and that such "leave shall be freely given when justice so requires." With respect to corresponding Rule 15(a) of the Federal Rules of Civil Procedure, the Supreme Court stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, by 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, justice clearly requires that DIRECTV's motion for leave to amend be granted. As set forth above, the sole purpose of DIRECTV's motion is to reassert DIRECTV's claims with respect to the Boeing transaction, which DIRECTV temporarily and without prejudice withdrew from this action to avoid a potential jurisdictional dispute. This jurisdictional issue has now been resolved as a result of the contracting officer's final decision dated June 14, 2005. Accordingly, as the parties contemplated and agreed in their Joint Scheduling Motion, and as this Court contemplated in its Scheduling Order, DIRECTV seeks to reassert its claims relating to the Boeing transaction in this action (Counts II, V, and VII of its proposed Second Amended Complaint). Good cause therefore exists for granting DIRECTV's motion for leave to file the attached Second Amended Complaint. The United States does not oppose DIRECTV's motion.

## III. CONCLUSION

For the foregoing reasons, DIRECTV respectfully requests that the Court grant its unopposed motion for leave to file the attached proposed Second Amended Complaint. A proposed order granting DIRECTV's motion is filed herewith.

| | |
|---|---|
| OF COUNSEL:<br>Alan C. Brown<br>DUANE MORRIS LLP<br>1667 K Street N.W., Suite 700<br>Washington, DC 20006-1608<br>(202) 776-7893<br>(202) 776-7801 (fax) | Respectfully submitted,<br><br>s/Alexander F. Wiles<br>Alexander F. Wiles<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010<br>(310) 203-7199 (fax)<br><br>Attorney of Record for<br><br>THE DIRECTV GROUP, INC. |
| Dated: June 24, 2005 | |

**CERTIFICATE OF FILING**

I hereby certify that on the 24th day of June, 2005, a copy of the foregoing **DIRECTV'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles