**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE DIRECTV GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-1414C** |
| | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**THE DIRECTV GROUP'S STATEMENT RE CASE STATUS**

As the Court is aware, this case has been stayed since October 28, 2005. The parties requested the stay to enable them to engage in settlement discussions. It is apparent to The DIRECTV Group ("DIRECTV") that efforts to settle this dispute have ground to a halt and that continuing the stay in place will not enhance the likelihood of a settlement. In DIRECTV's view, progress towards settlement will occur only after the Court has resolved some of the legal issues presented by this case. DIRECTV therefore requests that the Court lift the stay on this case and direct the parties to confer on a Joint Status Report, including a proposed discovery plan and summary judgment briefing schedule, to be filed with the Court no later than December 7, 2007.

As set forth below, the history of the parties' efforts to resolve this case is a long and, to date, unsuccessful one. In May 2005, representatives of DIRECTV and the Government met to discuss a possible path to resolve this dispute. DIRECTV representatives indicated that they believed that the amount at stake was far less than the Government reports had indicated and that the parties ought to be able to resolve the dispute once they had a common understanding of the amount at issue. Sometime after that meeting, the Government representatives indicated that the

Government would be willing to engage in settlement discussions once DIRECTV had submitted an actuarial analysis confirming what its representatives had said at the May 2005 meeting and the Government had had a chance to verify that analysis.

On December 30, 2005, DIRECTV sent the Government a detailed actuarial analysis demonstrating that, even under the Government's own theory of the case and assuming that the Government were to prevail on all contested legal issues, DIRECTV's maximum potential liability in this case would be a tiny fraction of what the Government had claimed. The submission contained a specific dollar estimate of that liability. DIRECTV based this analysis in part on a calculation of the Government's segment closing adjustment participation rate (the "Teledyne share") that DIRECTV's actuaries had identified and explained in previous submissions to the Government.

In early 2006, the Government began what has turned into an interminable process of verifying DIRECTV's December 30, 2005 submission. On March 25, 2006, the Government forwarded to DIRECTV a number of requests for additional information that the Government's actuaries believed they would need in order to assess DIRECTV's December 30, 2005 actuarial analysis. DIRECTV provided the Government with the requested information shortly thereafter. The Government then informed DIRECTV that it would have to do a sampling of the source data on which DIRECTV's actuarial analysis relied to test its accuracy. The parties then had several meetings and telephone conversations to attempt to design a sampling plan that would achieve the Government's objective without unduly burdening DIRECTV. In late 2006, the parties agreed upon a sampling plan.

In January 2007, DIRECTV gave the Government the data it requested for the sampling exercise. The Government then took some time to complete its sampling exercise. On or about

May 30, 2007, counsel for the Government received an internal report and analysis of the results of the sampling exercise. Although the Government did not share its internal report with DIRECTV, the Government did not identify any discrepancies in DIRECTV's December 30, 2005, actuarial analysis and its counsel communicated to DIRECTV that sufficient progress had been made to engage in a substantive settlement discussion.

The parties accordingly held an in-person settlement meeting in Washington, D.C. on July 26, 2007. At that meeting, DIRECTV discussed with the Government a potential settlement proposal. Counsel for the Government stated that he would recommend that the Government reject such proposal, to which DIRECTV responded by saying that the proposal was not a "take it or leave it" one and that he should make a counter proposal that he would be prepared to recommend to his superiors. Counsel for the Government responded that he would not provide a counter-proposal at that time. He further indicated that, before settlement discussions could progress, the Government would need to do additional work to verify the calculations in DIRECTV's December 30, 2005 actuarial report. This time, he indicated, the Government needed to review DIRECTV's calculation of the Government's Teledyne share, a calculation that was used in the December 30, 2005 report and had been in the possession of the Government for several years before that date.[1]

On September 28, 2007, the Government filed an unopposed motion seeking a seventeenth extension, and the second one since the July settlement meeting, of the stay and an enlargement of the time for filing a Joint Status Report in this case, until November 15, 2007.

---

[1] DIRECTV's actuaries had first calculated the Government's Teledyne share as part of the segment closing analyses that the Government had directed DIRECTV to submit in connection with the sales of its Defense and Satellite businesses. DIRECTV provided those segment closing analyses to the Government in November 2003 and March 2004.

The Government stated in its motion that it anticipated it would be able to complete its review of DIRECTV's calculation of the Government's Teledyne share within the month of October, and the Court granted the unopposed motion. To date, however, the Government has not advised DIRECTV that it has completed its review of DIRECTV's Teledyne share calculation and has not provided DIRECTV with a timetable for the completion of its review. There is no indication of when the Government intends to complete that review or whether, once it is completed, the Government's counsel will actually communicate to DIRECTV a specific dollar payment he would be prepared to recommend be accepted to settle this dispute.

In summary, over two years have passed since the parties asked this Court to stay this case to enable them to engage in settlement discussions. The Government has had the information in its possession necessary to engage in those discussions since early January, 2006, yet the Government contends that it is still not in a position to contribute to a meaningful settlement discussion because it has not completed its review of DIRECTV's analysis. It is apparent to DIRECTV that no progress towards settlement of this action is likely to occur until the Court has resolved some of the legal issues that are at the heart of this dispute.

For the reasons stated herein, DIRECTV requests that the Court lift the stay of this case and direct the parties to confer on a Joint Status Report, including a proposed discovery plan and summary judgment briefing schedule, to be filed with the Court no later than December 7, 2007.

Respectfully submitted,

OF COUNSEL:
Alan C. Brown
Enterprise Business Law Group LLC
8405 Greensboro Drive, Suite 210
McLean, Virginia 22102
(703) 584-3250
(703) 848-8333 (fax)

______/s/_Alexander F. Wiles____________
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

Dated: November 14, 2007