**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE DIRECTV GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-1414C** |
| | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**THE DIRECTV GROUP'S STATUS REPORT**

The DIRECTV Group ("DIRECTV") submits this Status Report pursuant to the Court's November 30, 2007 Order, following the parties' telephonic Status Conference with the Court on the same date. As explained in more detail below, the Government would not agree to the submission of a Joint Status Report, therefore DIRECTV submits its Status Report separately.

## I. Background

As the Court will recall, a telephonic Status Conference was held in this matter on November 30, 2007.[1] At the Status Conference, counsel for DIRECTV explained that efforts to settle this dispute have ground to a halt and that DIRECTV therefore was requesting the Court not continue the stay of this case, which had been in effect until mid-November, and instead

[1] DIRECTV understands that an audiotape of the November 30, 2007 Status Conference was made for the Court. DIRECTV has also requested a written transcript of the Status Conference, but the transcript was not yet available as of the filing of this Status Report. DIRECTV will lodge a copy of the transcript with the Court when it becomes available.

direct the parties to confer on a proposed discovery plan and summary judgment briefing schedule.

Also during the Status Conference, counsel for DIRECTV described two grounds for a dispositive motion for summary judgment that DIRECTV wishes to raise in the near future. The first ground for this motion relates to the "surplus transfer" issue that is currently before the Court in the *General Electric* and *Unisys* cases. The legal question which will control the outcome of the surplus transfer issue in the DIRECTV case has already been fully briefed in the cross-motions for partial summary judgment filed by the parties (and by DIRECTV as *amicus curiae*) in the foregoing cases. Those partial summary judgment motions address whether, as a legal matter under CAS 413, the Government must acknowledge any excess value in the form of surplus pension assets transferred by contractor-seller to a buyer.

As counsel for DIRECTV explained during the Status Conference, if the Court rules that at least some value must be acknowledged by the Government, DIRECTV will easily be able to establish that it is entitled to summary judgment of $0 in liability to the Government. This is because DIRECTV transferred billions of dollars in surplus pension assets to Raytheon and Boeing in connection with the sale of its defense and satellite segments, and as a result of that transferred surplus, the Government has already received a reduction in pension costs under its on-going contracts with Raytheon and Boeing that is far greater, by several orders of magnitude, than the Government's entire *Teledyne* share in the surplus pension assets of those segments. DIRECTV's counsel thus made clear that the summary judgment motion DIRECTV contemplates filing as it relates to this issue would be a case-dispositive motion, depending on

the Court's resolution of the legal issue in the pending partial summary judgment motions in the *General Electric* and *Unisys* cases.

The second ground for summary judgment DIRECTV's counsel identified during the November 30, 2007 Status Conference was that DIRECTV had no obligation to do segment accounting under CAS 413.50(c)(5)(ii) upon the formation of the DIRECTV consumer segment in 1994, and therefore DIRECTV properly performed an initial allocation of assets to segments as of the dates of the Raytheon and Boeing transactions, respectively. This issue is appropriately decided on summary judgment because the Government has not incurred *any* pension-related costs on any DIRECTV projects since *1992*. Thus, the legal predicate for segment accounting under CAS 413.50(c)(5)(ii) – increased Government pension costs – is necessarily absent. As DIRECTV's counsel explained during the Status Conference, if DIRECTV prevails on this issue, it will have a tiny amount of liability to the Government as a result of an unrelated adjustment to the allocation of assets, which amount DIRECTV's actuaries have already calculated and have provided the bases for their calculation to the Government.

Following the Status Conference, the Court did not reimpose the stay but instead issued an Order directing the parties to file a Joint Status Report by today's date, to include: "1. A discovery schedule to be completed no later than Wednesday, April 30, 2008; and 2. A summary judgment briefing schedule providing for the plaintiff's opening brief to be filed no later than Monday, June 2, 2008." November 30, 2007 Order (Docket No. 70).

On January 3, 2008, counsel for DIRECTV and the Government conducted a telephonic meet and confer to discuss their respective proposed discovery and summary judgment briefing schedules. However, it became immediately apparent that counsel for the Government

significantly misunderstood the Court's November 30, 2007 Order. Specifically, counsel for the Government contended that the Court did not contemplate that DIRECTV would file a case-dispositive summary judgment motion. With respect to the surplus transfer issue, the Government took the particularly surprising position that the summary judgment motion contemplated by the Court's November 30, 2007 Order would be limited to rehashing the very same issue already pending before the Court in the partial summary judgment motions filed in the *General Electric* and *Unisys* cases – whether, as a legal matter, the Government must acknowledge any value transferred by the seller to the buyer in the form of surplus pension assets. The Government then proposed a briefing schedule to rehash this issue to be completed in September 2008.

As counsel for DIRECTV pointed out during the meet and confer, the Government's position makes no sense and is flatly inconsistent with the discussion during the November 30, 2007 Status Conference. No further summary judgment briefing is needed on the general legal question of whether the Government must acknowledge any value in transferred surplus under CAS 413. That issue is already fully briefed in the *General Electric* and *Unisys* cases, including by DIRECTV itself as *amicus curiae.* Indeed, the Court indicated during the Status Conference that the legal question will likely be decided by this Spring, before DIRECTV's opening summary judgment brief *would even be filed*.

Instead, as DIRECTV's counsel explained during the meet and confer, the Court's November 30, 2007 Order contemplated that DIRECTV would file a *case-dispositive* motion for summary judgment, the grounds for which DIRECTV's counsel specifically identified during the Status Conference of the same date. The Government's interpretation of the Court's November

30, 2007 Order as providing for a wholly duplicative and unnecessary partial summary judgment motion on the same legal question already pending before the Court in the *General Electric* and *Unisys* cases is facially unreasonable.

At the conclusion of the January 3, 2008 meet and confer, counsel for the Government stated that the Government would not provide DIRECTV with the Government's submission for inclusion in a Joint Status Report, citing the parties' disagreements over the Court's November 30, 2007 Order.

## II. <u>Discovery Issues</u>

During the parties' meet and confer, the Government repeatedly objected to the April 30, 2008, discovery cut-off provided in the Court's November 30, 2007, Order. The Government's objections are without merit. An April 30, 2008, discovery cut-off provides more than sufficient time for the parties to conduct discovery, including the discovery necessary to address DIRECTV's case-dispositive summary judgment motion on the grounds that DIRECTV has identified. The Government's complaint that four more months is insufficient is simply wrong, assuming that the parties proceed with reasonable diligence, as they are obligated to do.

DIRECTV's summary judgment motion as it relates to the surplus transfer issue would likely involve only two categories of discovery. The first category of discovery relates to the amount of the Government's pension cost savings under its on-going contracts with Raytheon and Boeing as a result of DIRECTV's transfer of billions of dollars in surplus pension assets to those companies in connection with its sale of the defense and satellite segments, respectively.

The information necessary to calculate this amount necessarily is, and has been, in the Government's own possession.[2]

The second category of discovery relates to the Government's participation rate (the Government's *Teledyne* share) in the surplus pension assets attributable to DIRECTV's defense and satellite segments. DIRECTV's actuaries have already calculated the Government's participation rate as part of the segment closing analyses that the Government had directed DIRECTV to submit in connection with the sales of its Defense and Satellite businesses. DIRECTV provided those segment closing analyses to the Government in November 2003 and March 2004. The Government never called into question DIRECTV's calculation of the Government's participation rate until July 26, 2007, when counsel for the Government indicated for the first time that the Government would need to review DIRECTV's calculation of that participation rate.[3] In a written submission filed with this Court seeking a seventeenth enlargement of time to file a Joint Status Report, the Government expressly stated that it "anticipates that it will be able to complete its review of DIRECTV's calculation of this [participation] rate within the month of October." Defendant's September 28, 2007, Motion for Enlargement of Time at 2 (Docket No. 66). The Government's suggestion now that it cannot

[2] DIRECTV's consulting actuaries have already conducted an analysis of a portion of this amount, with respect to the defense segment. Specifically, they calculated that the amount of pension costs that were avoided by the Government as a direct result of the surplus pension assets that were transferred from DIRECTV to Raytheon ranged between $363 million and $589 million for the four-year period from December 1997 through November 2000. DIRECTV shared these results with the Government, as well as the basis for them, in a 2004 submission.

[3] The Government has long had this information. Indeed, with respect to the contract mix element, DIRECTV's Segment Closing Analyses relied on the "Government Participation Percentage Based on Sales" set forth as Appendix 3 to DCAA Audit Report No. 4121-2002D19200001 (September 12, 2003).

complete the necessary discovery on this issue within four months if it acts with reasonable diligence is simply not credible.

Discovery on the second ground for summary judgment that DIRECTV has identified is even more limited. Aside from discovery on the Government's participation rate, discussed above, it would simply involve confirming that the Government has not incurred any pension-related costs on any DIRECTV projects since before the creation of the DIRECTV consumer segment in 1994. This information is already within the Government's own possession and cannot reasonably be contested in any event.[4]

Of course, the Government is free to take whatever additional appropriate discovery it chooses, within the scope of Rule 26 of the RCFC.

### III. <u>DIRECTV's Proposed Discovery And Summary Judgment Briefing Schedule</u>

In light of the foregoing, DIRECTV proposes the following discovery schedule, consistent with the Court's November 30, 2007, Order and the discussion during the Status Conference of the same date:

| **Event** | **Date** |
|---|---|
| Due date for expert reports on issues for which a party carries the burden of proof | April 21, 2008 |

[4] Moreover, to the extent the Court will be required to adjudicate DIRECTV's liability in a specific amount other than zero, that too can be accomplished in the period of time allotted and, in DIRECTV's view, resolved as part of its summary judgment motion. DIRECTV's initial allocations of assets to segments were the subject of extensive audits by DCAA. Without conceding that the allocations were based upon proper legal principles, DCAA determined that DIRECTV had done its calculations correctly. Thus, not only does the Government already have in its possession the data and bases underlying those allocations, it has reviewed them and found them to be accurate.

| | |
|---|---|
| Close of fact discovery | April 30, 2008 |
| Due date for rebuttal expert reports | May 9, 2008 |
| Close of expert discovery | May 21, 2008 |
| Plaintiff's Opening Summary Judgment Brief | June 2, 2008 |
| Defendant's Opposition Brief and Cross-Motion for Summary Judgment (if any) | July 17, 2008 |
| Plaintiff's Reply Brief and Opposition to Cross-Motion for Summary Judgment (if any) | August 11, 2008 |
| Defendant's Reply in support of Cross-Motion for Summary Judgment (if any) | September 1, 2008 |

DIRECTV expects that its motion for summary judgment will fully resolve this case. However, in the event that the case is not resolved in its entirety as a result of its summary judgment motion, DIRECTV proposes a further round of expert reports and discovery, if necessary, followed by additional proceedings before the Court. Allowing for a second round of expert reports and discovery on any issue that the Court has determined remains unresolved, if any, would enable the parties to avoid making submissions that include calculations of the segment closing adjustment amounts under legal theories that are not encompassed within the scope of DIRECTV's summary judgment motion, unless and until that motion is denied. Another benefit of this approach is that it should eliminate any argument on the part of the Government that it cannot complete by April 30 the discovery and expert witness work necessary to allow it to litigate this case to conclusion.

## IV. Conclusion

The fact that the Government would misunderstand the Court's November 30, 2007 Order as contemplating the filing of an unnecessary and duplicative summary judgment motion on an issue that in all likelihood will have been decided before DIRECTV's summary judgment motion is even filed in this case is symptomatic of the Government's overall approach to this litigation. It is apparent that the Government is neither interested in litigating nor in settling this case, but instead only seeks to orchestrate delay. Respectfully, the Government should not be permitted to do so. If the Government chooses not to engage in meaningful, good-faith settlement discussions, it must litigate this case. DIRECTV thus requests that the Court stick to the terms of its November 30, 2007 Order and enter the discovery schedule and summary judgment briefing schedule that DIRECTV proposes herein.

Respectfully submitted,

___________/s/__________________

ALEXANDER F. WILES
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)
OF COUNSEL:

ALAN C. BROWN
Enterprise Business Law Group LLC
8270 Greensboro Drive
McLean, VA 22102

Dated: January 7, 2008