IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 04-1414C<br>(Judge Firestone) |

**THE DIRECTV GROUP'S OPPOSITION**

**TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

## INTRODUCTION

On January 22, 2008, this Court entered an order modifying and clarifying its prior orders setting a discovery deadline of April 30, 2008. Under the January 22 order, the parties to this case must complete fact discovery with regard to the Teledyne share issue and fact and expert discovery with regard to the segment accounting issue by June 2, 2008. The same order directs DIRECTV to file its motion for summary judgment on the segment accounting issue by July 3, 2008.

On February 27, 2008, The DIRECTV Group ("DIRECTV") served its first set of discovery requests on the United States of America ("the Government") by first class mail.

Accordingly, the Government had until March 31, 2008 to respond, but it has failed to do so. Now, the Government belatedly requests a six-week extension of the deadline to respond. The Government offers no explanation for its failure to respond to the discovery within the allotted time, but simply asks for a six-week extension. Because a six-week extension of the deadline will prevent DIRECTV from completing its discovery by June 2, 2008, in accordance with the Court's scheduling order, and thus further prejudice DIRECTV in its efforts to bring this case to a conclusion, DIRECTV objects to the Government's motion for an enlargement of time.

## FACTUAL BACKGROUND

DIRECTV served its first set of discovery requests on the Government on February 27, 2008. This discovery consisted only of 7 interrogatories, 12 requests for admission and 16 requests for production of documents. On March 15, 2008, the Government wrote to inform DIRECTV that it had not received DIRECTV's discovery requests until March 11, 2008. According to counsel, this delay was caused by security provisions implemented by the Department of Justice in order to eliminate the risk of anthrax contamination. *See* Exhibit A. On March 17, in response to this letter, counsel for DIRECTV wrote the Government, noting that it had not requested an extension of time to respond due to this delay and advising that, if it desired an extension, it should request one, adding that he doubted that DIRECTV would have a problem approving a short extension. *See* Exhibit B. The Government did not reply, and did not request an extension.

On Friday, March 28, just one business day before the Government's responses were due, the Government requested a lengthy extension of the time to respond. DIRECTV attempted to

reach agreement on a shorter extension that would not be inconsistent with the discovery schedule, but the Government would not budge.[1]

Having failed to negotiate an extension of its time to respond to DIRECTV's discovery, the Government elected not to respond as the rules obligated it to do on March 31. Instead, it filed the instant motion. By its motion, the Government requests a 42 day extension of the deadline to respond to DIRECTV's discovery requests, until May 12, 2008, a date that is just three weeks prior to the scheduled close of discovery on June 2, 2008.

## ARGUMENT

Under Rule 6.1 of the Rules of the Court of Federal Claims, the Government must show cause for the extension it seeks, assuming the request is treated as having been made in a timely fashion, or excusable neglect, assuming the request was filed belatedly. The Government has failed to show either. The Government's two page motion does not attach the modest discovery requests, does not attach a declaration of counsel, does not offer any explanation of why the

---

[1] DIRECTV offered the Government an enlargement of the time to respond by three weeks without any conditions. Alternatively, counsel for DIRECTV suggested that he believed DIRECTV would consent to a five-week enlargement if the Government agreed to certain conditions; conditions that the Government characterizes as "unacceptable." Motion at 1-2, n.1. The "unacceptable" conditions requested by DIRECTV's counsel were simply that, in light of the Government's request, the Government not object to a two week extension of the deadline, should DIRECTV later request one, for DIRECTV to complete depositions on the segment accounting and Teledyne share issues, and if necessary, that the Government not object to a two week extension of the deadline for DIRECTV to file its summary judgment motion (and corresponding two week extensions of the deadlines to file the associated briefing). DIRECTV's counsel explained to the Government that these extensions were necessary because, if the Government does not reply to DIRECTV's discovery requests until early May, DIRECTV may be unable to identify, schedule, and complete all of its necessary depositions prior to the June 2 deadline for the close of certain discovery established by the Court's scheduling order. It is these conditions which the Government characterizes as "unacceptable." The correspondence following this suggestion by DIRECTV's counsel makes clear that the Government found DIRECTV's conditions "unacceptable" because acceptance of the conditions would undermine

Government could not respond to the discovery requests in the allotted time period, and provides no hint of explanation of any efforts the Government – either counsel or the relevant agencies – have made over the past month to gather the necessary information or provide timely responses. In short, the Government seems to assume that it is okay to disregard its obligations under this Court's rules and to ask this Court to bail it out simply by asserting on the date the responses were due that it "will not be possible to complete the preparation of defendant's responses by the current due date (March 31, 2008)." Motion at 2.

The closest the Government comes to any explanation for its failure to respond is the statement that, due to problems with mail delivery in Government offices, it did not receive the discovery requests until March 11, 2008. There is no suggestion in the motion that the delay in delivery from early March until March 11 caused the Government to be unable to respond to the discovery by March 31. Moreover, in a letter to counsel for plaintiff written on March 15, counsel for the Government asked that plaintiff serve future discovery type documents by e-mail but did not suggest that the Government would need extra time to respond to the discovery requests at issue on this motion. *See,* Exhibit A. Indeed, the Government did not even make such a request when, on March 17, counsel for plaintiff suggested that the Government make a request for an extension if it needed one. *See,* Exhibit B.

Nor does the Government explain why it needs six additional weeks to respond to the modest discovery at issue on this motion (7 interrogatories, 12 requests for admission and 16 document requests). It simply says that counsel of record will be involved in a two day hearing

---

the Government's goal of leveraging its current request for an extension into yet another extension of the Court ordered discovery deadline.

on April 24 and 25 in another case. This is particularly true given the reality that most of the relevant information is in the possession of the Department of Defense, not the Department of Justice. Again, that statement is far short of the cause the Government would need to show to procure such a lengthy extension. Nowhere does the Government suggest that it made a good faith effort to complete its discovery responses by March 31, or explain why it cannot, by making a good faith effort, complete those responses before April 24.

The Government's latest request for an enlargement of time is consistent with its track record of inactivity in this case. After years of efforts to settle this case, the Government abandoned those discussions with no explanation.[2] When the Court directed the parties to develop a plan to complete discovery by April 30, the Government refused to do so. While DIRECTV timely served the declaration of its expert witness on March 24, seventy days prior to the close of discovery as mandated by Rule 26(a)(2)(C), the Government has provided nothing, apparently presuming the Court will grant it more time to do so whenever it decides to request it. Now that the parties are operating under a modified schedule that calls for certain discovery to be complete by June 2, and summary judgment motions to be filed by July 3, the Government has chosen to ignore its obligation to respond to the discovery directed to it and to request an extension of time that would destroy the current discovery schedule. The Government's continued efforts to delay resolution of this case should not be countenanced.

---

[2] As the Court knows, this case was stayed from October, 2005 until November, 2007, pending the parties' settlement discussions. In November 2007, after seventeen requests by the Government to continue the stay and enlarge the time for filing a Joint Status Report, and due to the Government's decision to bring the settlement discussions to a halt, DIRECTV requested an order from the Court that the parties confer on a Joint Status Report and file a proposed discovery plan. The Court initially asked the parties to come up with a discovery plan that would complete discovery by April 30, 2008, and then in January, at the request of the Government modified the schedule to the one set forth above.

**CONCLUSION**

The parties had two contentious status conferences before this Court in November and January that led the Court to adopt a schedule that it viewed to be fair. That schedule calls for discovery to close on two key issues in this case on June 2, 2008. The Government's latest motion for an enlargement is an effort to subvert the schedule the Court put in place in January. Especially on the record present here, the Court should not permit that to happen. Given the absence of any showing of cause for an extension, DIRECTV urges the court to deny the Government's motion for enlargement of time. If the Court is inclined to grant the motion, it should require the Government to respond to the discovery no later than April 21, 2008, which would constitute a three-week extension of the period allotted by this Court's rules.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: April 2, 2008

**U. S. Department of Justice**

Civil Division

CCBird
DJ No. 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

Telephone: 202.307.0453
E-Mail: Coleman.Bird@usdoj.gov

*Washington, D.C. 20530*

March 15, 2008

BY ELECTRONIC MAIL AND
AND FIRST-CLASS MAIL

Alexander F. Wiles, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 20067-4276

Re: DIRECTV Group, Inc. v. United States,
Fed. Cl. No. 04-1414C

Dear Mr. Wiles:

I wanted to let you know that I did not receive DIRECTV's February 27, 2008 discovery requests until March 11, 2008, almost two weeks later. The reason for the delay was that these requests were sent by ordinary first-class mail, and not by e-mail as well. As I previously told you, after the anthrax scare of several years ago, most first-class mail addressed to the Department of Justice is intercepted and taken off-site for processing to eliminate the risk of anthrax contamination. This processing can delay the receipt even of mail sent locally by two to three weeks. I believe that when I explained this problem to you early in the case, we agreed that both parties would send copies by e-mail of any documents they were sending by first-class mail (except for documents too bulky to send by e-mail, which would be sent by overnight express). As noted, due to an apparent administrative oversight, DIRECTV's recent discovery requests were not sent electronically.

I would ask that, consistent with the parties' past practice and agreement and to avoid any unnecessary delays, you send electronic copies of all future correspondence, discovery requests, and papers of any sort (as well as the paper copies). If a document is too large to send electronically, please send it by overnight express, which will be delivered the next day and will not be delayed for anthrax processing. We will continue to follow this same practice for any documents that we send to you.

**Exhibit A**
**Page 1 of 2**

Alexander F. Wiles, Esq.
March 15, 2008
Page 2

Thank you.

Sincerely,

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch

cc: Larry Rabyne, Esq.
(by electronic mail)

**From:** Wiles, Alex
**Sent:** Monday, March 17, 2008 9:31 AM
**To:** 'Bird, Coleman (CIV)'
**Cc:** Rabyne, Lawrence; 'Alan Brown'
**Subject:** RE: DIRECTV Group v. US/ Letter Attached

To be quite honest, I have no recollection of the conversation concerning the "anthrax" scare to which you refer. I'm not saying we didn't have it but, if we did, it would have to have been in 2004. In any event, we'll copy you by e-mail in the future unless our document is too bulky to do so. I notice that your letter does not request an extension of time to respond to the discovery requests. If you need a short extension, you need to ask us so we can clear it with our client. I doubt they'd have a problem.

---

**From:** Bird, Coleman (CIV) [mailto:Coleman.Bird@usdoj.gov]
**Sent:** Saturday, March 15, 2008 11:54 AM
**To:** Wiles, Alex
**Cc:** Rabyne, Lawrence
**Subject:** DIRECTV Group v. US/ Letter Attached

Alex -- please see letter attached. Thanks, Coleman

**Exhibit B**
**Page 1 of 1**