IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S MOTION TO COMPEL RESPONSES TO**

**INTERROGATORIES AND FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff The DirecTV Group, Inc., ("DIRECTV") hereby moves the Court for an order compelling Defendant the United States of America ("the Government") to respond to certain discovery requests within five business days of this Court's order.

This Motion is made on the grounds that the Government has wrongfully refused to produce documents responsive to DIRECTV's requests for production and failed to respond to interrogatories relevant to the parties' claims and defenses. On February 27, 2008, DIRECTV served on the Government Plaintiff's First Set of Interrogatories, a true copy of which is attached hereto as Exhibit A, and Plaintiff's First Set of Requests for Production, a true copy of which is attached hereto as Exhibit B. The Government responded on April 21, 2008 with Defendants Response to Plaintiff's First Set of Interrogatories, a true copy of which is attached hereto as Exhibit C, and Defendant's Response to Plaintiff's First Set of

Requests for Production, a true copy of which is attached hereto as Exhibit D. These responses do not satisfy the Defendant's obligations under the Rules of the Court of Federal Claims. Accordingly, DIRECTV moves for entry of an order compelling the Government to produce non-privileged documents responsive to DIRECTV's document requests and to serve full and complete answers, without regard to its objections to Interrogatory Nos. 1 through 6 of DIRECTV's First Set Of Interrogatories. DIRECTV asks that the Court order the Government to take these steps within five business days of entry of its order.

DIRECTV notes that counsel for the Government has advised DIRECTV that it intends to supplement its responses to interrogatories 1, 2, and 6 by May 6, 2008. To the extent that this supplementation provides adequate responses to these interrogatories, DIRECTV will withdraw its motion as to those responses. However, given the Government's history of delay in this case, and DIRECTV's desire to adhere to the present discovery schedule, which calls for discovery to be ended by June 2, 2008, DIRECTV is not in a position to wait and see whether the Government's response is adequate before making its motion.

The parties have met and conferred in a good faith attempt to resolve this dispute, as required by RCFC 37(a)(2)(A). Wiles Decl., ¶¶ 4-6. Although the Government has offered in some cases to supplement its responses, it refused to do so for others. It also declined to state when it would begin its production of documents to DIRECTV in response to DIRECTV's requests for production or when it would complete that production.[1] With

[1] The Government indicated that it hoped to begin producing documents starting on the week beginning May 5, 2008, and that it hoped to have its production complete by the date currently scheduled as the close of discovery, June 2, 2008. DIRECTV views this statement with a grain of salt given other statements by counsel for the Government indicating that over the past two months he has failed to gather, much less review for privilege and responsiveness, the potentially responsive documents.

depositions currently scheduled for the week beginning May 19, 2008, and discovery scheduled to close shortly thereafter, DIRECTV is forced to bring this motion to compel.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities In Support of Motion to Compel, and the Declaration of Alexander F. Wiles filed concurrently herewith, and upon such additional submission and argument as may be presented at or before the hearing on this Motion. In light of the June 2, 2008 discovery cutoff that applies to the bulk of the issues in this case, DIRECTV requests that this motion be considered on an expedited basis. In furtherance of that request, DIRECTV has submitted an ex parte application for an order shortening time for the filing of opposition and reply briefs.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

Dated: April 30, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, Plaintiff The DirecTV Group, Inc., requests that Defendant The United States of America respond under oath to the following First Set of Interrogatories within thirty (30) days after the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions apply to each of the interrogatories below and are deemed to be incorporated into each interrogatory:

I. The term "DIRECTV" as used herein means the DIRECTV Group, Inc., and includes its predecessors Hughes Electronics Corporation and Hughes Aircraft Company.

II. The term "YOU" or "YOUR" as used herein means the United States Government ("the Government") and all agencies, departments, and instrumentalities thereof.

III. The term "DIRECTV SEGMENT" as used herein means the DIRECTV business unit that provides direct broadcast satellite television services.

IV. The term "RAYTHEON TRANSACTION" as used herein refers to the transfer by DIRECTV of its DEFENSE SEGMENT to the Raytheon Company effective December 17, 1997.

V. The term "BOEING TRANSACTION" as used herein refers to the transfer by DIRECTV of its SATELLITE SEGMENT to the Boeing Company effective October 6, 2000.

VI. The term "DOCUMENT" or "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, emails, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Rule 34 of the Rules of the United States Court of Federal Claims. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

VII. As used herein, the term "all" shall mean "any and all" and the word "including" shall mean "including without limitation," as appropriate in order to bring within the scope of these interrogatories any responsive information that might otherwise be beyond their scope.

VIII. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside their scope.

IX. These interrogatories shall be considered continuing, and you are to supplement your answers in a timely manner in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

X. If you contend that the answer to any interrogatory is privileged or otherwise immune from discovery in whole or in part, state all facts supporting such privilege or immunity, and describe each person having knowledge of the factual basis upon which the privilege or immunity is asserted.

XI. The term IDENTIFY with respect to a person shall mean to state such person's full name, current title, business address, and telephone number, and title at the time relevant to the particular response.

## INTERROGATORIES

1. For each request for admission contained in DIRECTV's First Set of Requests for Admission that you do not unequivocally admit, state the number of the Request for Admission, the full basis for not unequivocally admitting the Request, and identify any DOCUMENTS and/or things that support YOUR response to such request for admission or YOUR response to this interrogatory.

2. To the extent that YOU contend that DIRECTV was obligated under Cost Accounting Standard ("CAS") 413.50(c)(2), or any other provision, to calculate separate pension cost for the DIRECTV SEGMENT, state in full the factual and legal bases for this contention, identify the specific provision(s) of CAS 413 on which you rely for such contention, identify any DOCUMENTS and/or things that support YOUR answer, and identify the point in time that YOU contend this obligation arose.

3. Identify the total amount of pension cost allocated to Government contracts by DIRECTV separately for each year from 1987 through and including 2000.

4. Department of Defense Office of Inspector General Report No. D-2002-145, entitled Effect of the Raytheon Defense Business Acquisitions on Pension Plans and DoD-Funded Pension Assets, dated September 11, 2002 states on page 8:

   > The DCMA CIPR Branch performed a review of the pension matters between Hughes and Raytheon. DCMA concluded that the pension transfers complied with the pension agreement and issued a letter to the Defense Corporate Executive (DCE) on March 15, 2000, recommending that the DCE accept the allocation of assets between Hughes and Raytheon. On August 18, 2000, the letter was reissued to incorporate certain revisions to the transfer amounts, and again DCMA recommended that the DCE accept the transfer as being in compliance with the pension agreement. On October 20, 2000, DCMA issued another letter that cancelled and superseded the previous letters and identified a need to establish an earlier date for allocation of assets and liabilities to segments.

   Describe fully and with particularity the reasons and basis for the cancellation of the letters, identify all documents relating to such cancellation or the decision to cancel and supersede the previous letters, and IDENTIFY all persons who proposed, reviewed, approved, commented upon, objected to, or otherwise participated in the decision to cancel and supersede such letters, and describe their role and authority with respect thereto.

5. With respect to the September 30, 2003, December 12, 2003, and June 14, 2005, Final Decisions referred to in paragraph 1 of the Second Amended Complaint, IDENTIFY each person who drafted, commented upon, revised, reviewed, approved, authorized or otherwise participated in the preparation or issuance thereof, and for each such person identify the Final Decision(s) to which such person's activities relate and describe fully and with particularity such person's role and authority with respect to such Final Decision(s).

6. Identify the date on which you first directed, instructed, advised, or recommended to DIRECTV that it should calculate separate pension cost for the DIRECTV SEGMENT pursuant to CAS 413-50(c), or notified DIRECTV that it was in noncompliance with CAS 413 for failure to calculate separate pension cost for the DIRECTV SEGMENT; and identify the DOCUMENTS containing such direction, instruction, advice, recommendation or notice.

7. IDENTIFY each and every person who contributed to YOUR responses to DIRECTV's First Set of Interrogatories or DIRECTV'S First Set of Requests for Admission and/or who supplied DOCUMENTS in response to DIRECTV'S First Set of Requests for Production or conducted the search in response to the Requests for Production, and identify the specific Interrogatory(s), Admission(s), or Request(s) for Production to which they contributed and the nature and extent of their contribution to each such Interrogatory, Admission, or Request for Production.

Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: February 27, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing were caused to be served this 27th day of February, 2008 upon the following in the manner indicated:

**BY MAIL**

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch, Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

Alexander F. Wiles
IRELL & MANELLA LLP

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, Plaintiff The DirecTV Group, Inc., requests that Defendant The United States of America respond to this request and produce the following documents at the office of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, within thirty (30) days after the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions apply to each of the requests for production below and are deemed to be incorporated into each request:

I. The term "DIRECTV" as used herein means the DIRECTV Group, Inc., and includes its predecessors Hughes Electronics Corporation and Hughes Aircraft Company.

II. The term "YOU" or "YOUR" as used herein means the United States Government ("the Government") and all agencies, departments, and instrumentalities thereof.

III. The term "DIRECTV SEGMENT" as used herein means the DIRECTV business unit that provides direct broadcast satellite television services.

IV. The term "RAYTHEON TRANSACTION" as used herein refers to the transfer by DIRECTV of its DEFENSE SEGMENT to the Raytheon Company effective December 17, 1997.

V. The term "BOEING TRANSACTION" as used herein refers to the transfer by DIRECTV of its SATELLITE SEGMENT to the Boeing Company effective October 6, 2000.

VI. The term "DOCUMENT" or "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, emails, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Rule 34 of the Rules of the United States Court of Federal Claims. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

VII. As used herein, the term "all" shall mean "any and all" and the word "including" shall mean "including without limitation," as appropriate in order to bring within the scope of these requests any responsive information that might otherwise be beyond their scope.

VIII Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

IX. The DOCUMENTS produced pursuant to these demands must be produced in the same form and in the same order in which they were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, binding or other containers in which the DOCUMENTS are found. The title, labels or other descriptions of the boxes, file folders, binders, or other containers are to be left intact.

X. If a DOCUMENT is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person or persons with possession or custody.

XI. If any DOCUMENT was, but no longer is in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS identified in YOUR responses to DIRECTV's First Set of Interrogatories.

2. All DOCUMENTS on which YOU rely in your responses to DIRECTV'S First Set of Interrogatories or in your responses to DIRECTV'S First Set of Requests for Admission.

3. DOCUMENTS sufficient to identify all pension cost, if any, that DIRECTV allocated to any Government contract, or paid by YOU to DIRECTV, for any period after January 1, 1990.

4. DOCUMENTS sufficient to identify when YOU informed or otherwise indicated to DIRECTV that it had failed to comply with Cost Accounting Standard ("CAS") 413 relating to its decision not to calculate separate pension cost for the DIRECTV SEGMENT for any period prior to January 1, 2001.

5. DOCUMENTS on which YOU rely to support YOUR contention regarding the date on which the DIRECTV SEGMENT first came into existence as a segment for purposes of CAS 413.

6. DOCUMENTS on which YOU rely to support YOUR contention that the level of benefits, eligibility for benefits, or age distribution of the employees in the DIRECTV SEGMENT materially differed from the average of all DIRECTV segments.

7. DOCUMENTS on which YOU rely to support YOUR contention that the appropriate assumptions regarding the termination, retirement age, or salary scale of employees in the DIRECTV SEGMENT materially differed from the average of all DIRECTV segments.

8. The Department of Defense Office of Inspector General Report No. D-2002-145, entitled Effect of the Raytheon Defense Business Acquisitions on Pension Plans and DoD-Funded Pension Assets, dated September 11, 2002 (hereafter "IG Report 145") and all drafts, versions, recommendations, revisions, approvals, or comments thereon, of or relating to the portions of IG Report 145 addressing the 1997 transaction between Hughes Electronics Corporation and the Raytheon Company.

9. On page 8, IG Report 145 states:

> "The DCMA CIPR Branch performed a review of the pension matters between Hughes and Raytheon. DCMA concluded that the pension transfers complied with the pension agreement and issued a letter to the Defense Corporate Executive (DCE) on March 15, 2000, recommending that the DCE accept the allocation of assets between Hughes and Raytheon. On August 18, 2000, the letter was reissued to incorporate certain revisions to the transfer amounts, and again DCMA recommended that the DCE accept the transfer as being in compliance with the pension agreement. On October 20, 2000, DCMA issued

another letter that cancelled and superseded the previous letters and identified a need to establish an earlier date for allocation of assets and liabilities to segments."

Produce the report(s) of the DCMA CIPR Branch review and the March 15, 2000, August 18, 2000, and October 20, 2000 letters referred to in this paragraph (including any attachments thereto), and all memoranda, reports, comments, analyses, explanations, recommendations, approvals, or other DOCUMENTS relating to the decision to revise, reissue, cancel or supersede any of such letters.

10. All final reports of any Contractor Insurance/Pension Review (CIPR) conducted of DIRECTV or any subsidiary, division, business unit, segment or home office thereof for any period between January 1, 1990 and the present.

11. All final indirect cost rate proposals submitted to you by DIRECTV or any subsidiary, division, business unit, segment or home office thereof covering any period between January 1, 1990 and the present.

12. All draft and final audit reports relating in whole or in part to any final indirect cost rate proposal submitted to you by DIRECTV or any subsidiary, division, business unit, segment or home office thereof covering any period between January 1, 1990 and the present.

13. All guidance, directives, instructions, interpretations, reports, manuals, or other DOCUMENTS interpreting or providing directions, advice or information regarding CAS 413-50(c)(2) or the requirement for or application of segment accounting or the calculation of separate pension cost for a segment.

14. All guidance, directives, instructions, interpretations, reports, manuals, or other DOCUMENTS interpreting or providing directions, advice or information regarding the calculation of segment closing adjustments under CAS 413 as promulgated in 1977.

15. All draft and final audit reports or other analyses relating or referring to the 1997 transaction between DIRECTV and the Raytheon Company; to the transfer of pension assets from the DIRECTV to the Raytheon Company; to the November 26, 2003 Segment Closing Calculation submitted to you by DIRECTV; or to the segment closing adjustment which you contend is required as a result of such transaction.

16. All draft and final audit reports or other analyses relating or referring to the 2000 transaction between DIRECTV and the Boeing Company; to the transfer of pension assets from the DIRECTV to the Boeing Company; to the March 31, 2004 Segment Closing Calculation submitted to you by DIRECTV; or to the segment closing adjustment which you contend is required as a result of such transaction.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

Dated: February 27, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing were caused to be served this 27th day of February, 2008 upon the following in the manner indicated:

**BY MAIL**

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch, Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

Alexander F. Wiles
IRELL & MANELLA LLP

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-1414C<br>(Judge Firestone) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, responds as follows to DIRECTV's First Set of Interrogatories ("Plaintiff's Discovery Requests") dated February 27, 2008.

**A. DEFENDANT'S GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's Discovery Requests to the extent that they purport:

a. to impose a duty to provide continuing responses that is broader or more extensive than the duty to supplement set forth in RCFC 26(e);

b. to require defendant to produce documents or information that is privileged or protected from disclosure by the attorney-client privilege, other applicable privileges, or by work product protection or other applicable protections;

2. Defendant objects to Plaintiff's Discovery Requests to the extent that they seek documents or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Plaintiff's Discovery Requests to the extent that they seek documents or information beyond the

scope of the discovery permitted in this phase of the case, which is limited by the Court's order dated January 22, 2008 to (i) "limited fact discovery with regard to the determination of the government's *Teledyne* share in the surplus pension assets" and (ii) "the segment accounting issue." Accordingly, by responding to any document requests or interrogatories, defendant does not agree to provide any documents or information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, or that exceeds the limited scope of discovery defined by the Court's January 22, 2008 order.

3. Defendant states that its investigation of the facts is continuing, that the following responses represent the best information available to defendant at the time these responses were required to be served, and that defendant reserves the right to supplement these responses as appropriate.

4. Defendant incorporates by reference all of the above General Objections into its response to each discovery request.

## B. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1. Defendant objects to the definitions of "YOU" or "YOUR" as meaning the entire United States Government, including all agencies, departments, and instrumentalities thereof, as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2).

## PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1:

For each request for admission contained in DIRECTV's First Set of Requests for Admission that you do not unequivocally admit, state the number of the Request for Admission, the full basis for not unequivocally admitting the Request, and identify any DOCUMENTS

and/or things that support YOUR response to such request for admission or YOUR response to this interrogatory.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

The requests for admission that defendant did not "unequivocally admit" are set forth in Defendant's Responses to Plaintiff's First Set of Requests for Admission, dated April 21, 2008, which also sets forth the full basis for defendant's response.

**INTERROGATORY NO. 2:**

To the extent that YOU contend that DIRECTV was obligated under Cost Accounting Standard ("CAS") 413.50(c)(2), or any other provision, to calculate separate pension cost for the DIRECTV SEGMENT, state in full the factual and legal bases for this contention, identify the specific provision(s) of CAS 413 on which you rely for such contention, identify any DOCUMENTS and/or things that support YOUR answer, and identify the point in time that YOU contend this obligation arose.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant has not formulated any contention that DIRECTV was obligated under CAS 413.50(c)(2) or otherwise to calculate pension cost separately for the DIRECTV SEGMENT. Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention on this issue, it will supplement its response to this interrogatory under RCFC 26(e).

**INTERROGATORY NO. 3:**

Identify the total amount of pension cost allocated to Government contracts by DIRECTV separately for each year from 1987 through and including 2000.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous, and unduly and disproportionately burdensome in violation of RCFC 26(b)(2). Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's

discovery responses. When defendant has completed its investigation, it will supplement its response to this interrogatory under RCFC 26(e).

**INTERROGATORY NO. 4:**

Department of Defense Office of Inspector General Report No. D-2002-145, entitled Effect of the Raytheon Defense Business Acquisitions on Pension Plans and DoD Funded Pension Assets, dated September 11, 2002 states on page 8:

> The DCMA CIPR Branch performed a review of the pension matters between Hughes and Raytheon. DCMA concluded that the pension transfers complied with the pension agreement and issued a letter to the Defense Corporate Executive (DCE) on March 15, 2000, recommending that the DCE accept the allocation of assets between Hughes and Raytheon. On August 18, 2000, the letter was reissued to incorporate certain revisions to the transfer amounts, and again DCMA recommended that the DCE accept the transfer as being in compliance with the pension agreement. On October 20, 2000, DCMA issued another letter that cancelled and superseded the previous letters and identified a need to establish an earlier date for allocation of assets and liabilities to segments.

Describe fully and with particularity the reasons and basis for the cancellation of the letters, identify all documents relating to such cancellation or the decision to cancel and supersede the previous letters, and IDENTIFY all persons who proposed, reviewed, approved, commented upon, objected to, or otherwise participated in the decision to cancel and supersede such letters, and describe their role and authority with respect thereto.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

The October 20, 2000 letter was issued by Ed Espiritu, DCMA CIPR team, after consultation with Patrick Ring, DCMA Actuary, to Donald Springer, Defense Corporate Executive ("DCE"). It was issued because the division of pension assets based upon accrued pension liabilities between Hughes Electronics and Hughes Aircraft/ Raytheon Defense did not take into account the absence of employer contributions to the Hughes Bargaining Retirement Plan (Plan No. 004) and the Hughes Non-Bargaining Retirement Plan (Plan No. 001). As a result, pension assets were allocated to plans for which there were little or no past employer contributions.

The earlier letters were based upon the assumption that the Satellite Business would remain with Hughes Electronics and that any surplus pension assets arising out of the transfer of the Hughes Defense Business to Raytheon could be addressed over future accounting periods at Hughes.

Ed Espiritu, CIPR Team Actuary authored the letter. The draft was coordinated with John Trevennen, Regional Pension Specialist, DCAA Western Region. The letter was reviewed by Manuel Teles, Chief, CIPR Team West.

**INTERROGATORY NO. 5:**

With respect to the September 30, 2003, December 12, 2003, and June 14, 2005, Final Decisions referred to in paragraph 1 of the Second Amended Complaint, IDENTIFY each person who drafted, commented upon, revised, reviewed, approved, authorized or otherwise participated in the preparation or issuance thereof, and for each such person identify the Final Decision(s) to which such person's activities relate and describe fully and with particularity such person's role and authority with respect to such Final Decision(s).

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

In addition to counsel, the following individuals contributed to the preparation of the final decisions.

A. September 30, 2003 Final Decision

1. Donald Springer, Defense Corporate Executive ("DCE")
2. Marisa Valdez, DCAA auditor
3. Leroy Endo, DCAA auditor
4. Fredrick Dallmer, DCAA supervisor
5. John Trevennen, DCAA Technical specialist
6. Patricia Endo, DCMA Defense Corporate Analyst
7. Ed Espiritu, DCMA CIPR Actuary

B. December 12, 2003 Final Decision

1. Donald Springer, DCE
2. Marisa Valdez, DCAA auditor
3. Leroy Endo, DCAA auditor
4. Fredrick Dallmer, DCAA supervisor
5. John Trevennen, DCAA Technical specialist
6. Patricia Endo, DCMA Defense Corporate Analyst

7. Ed Espiritu, DCMA CIPR Actuary

C. June 14, 2005 Final Decision

1. Donald Springer, DCE

2. Ed Espiritu, DCMA CIPR Actuary

3. Sylvia Terrazas, Group Secretary, Northrop

**INTERROGATORY NO. 6:**

Identify the date on which you first directed, instructed, advised, or recommended to DIRECTV that it should calculate separate pension cost for the DIRECTV SEGMENT pursuant to CAS 413-50(c), or notified DIRECTV that it was in noncompliance with CAS 413 for failure to calculate separate pension cost for the DIRECTV SEGMENT; and identify the DOCUMENTS containing such direction, instruction, advice, recommendation or notice.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.c., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has completed its investigation, it will supplement its response to this interrogatory under RCFC 26(e).

**INTERROGATORY NO. 7:**

IDENTIFY each and every person who contributed to YOUR responses to DIRECTV'S First Set of Interrogatories or DIRECTV'S First Set of Requests for Admission and/or who supplied DOCUMENTS in response to DIRECTV'S First Set of Requests for Production or conducted the search in response to the Requests for Production, and identify the specific Interrogatory(s), Admission(s), or Request(s) for Production to which they contributed and the nature and extent of their contribution to each such Interrogatory, Admission, or Request for Production.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.c., A.2, and A.3 of defendant's General Objections. Defendant further objects to this interrogatory as vague and ambiguous, and unduly and disproportionately burdensome to the extent that it purports to require defendant to identify the specific discovery requests to which each person contributed and the nature and extent of each person's contribution to each separate discovery request. Without waiver of, or prejudice to, these objections, defendant responds as follows:

In addition to counsel, the following individuals contributed to the preparation of the defendant's discovery responses:

1. Donald Springer DCE
2. Patricia Endo, DCMA Defense Corporate Analyst
3. Ed Espiritu, CIPR Actuary
4. Sylvia Terrazas, Group Secretary, Northrop
5. Julia Fish, DCAA auditor
6. Marisa Valdez, DCAA auditor

7. Frederick ("Fritz") Dallmer, DCAA supervisor

8. William Hill, DCMA Deputy Director Cost and Pricing

9. Patrick Ring, former DCMA Actuary

* * * *

SIGNED AS TO OBJECTIONS:

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965
E-Mail: Coleman.Bird@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

DAVID D'ALESSANDRIS
Commercial Litigation Branch

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Rd.
Arlington Heights, IL 60005

Dated: April 21, 2008

**CERTIFICATION**

I have reviewed the foregoing answers to Interrogatories Nos. 1-7 in Defendant's Responses to Plaintiff's First Set of Interrogatories. Based upon my review, I hereby certify under penalty of perjury in accordance with 28 U.S.C. § 1746, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Dated: 4/21/2008

HENRY M FIELD
CORPORATE ADMINISTRATIVE
CONTRACTING OFFICER
DCMA-LOS ANGELES

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 21st of April, 2008, I caused a copy of the foregoing "Defendant's Responses to Plaintiff's First Set of Interrogatories" to be (i) sent in .PDF format by electronic mail to the electronic mail address listed below, and (ii) placed in the United States mail (first-class postage prepaid) addressed as follows:

Alexander F. Wiles
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
E-Mail: AWiles@irell.com

Estelle M Brown

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-1414C<br>(Judge Firestone) |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, responds as follows to DIRECTV'S First Set Of Requests For The Production Of Documents ("Plaintiffs Discovery Requests"), dated February 27, 2008.

**A. DEFENDANT'S GENERAL OBJECTIONS**

1. Defendant objects to Plaintiffs Discovery Requests to the extent that they purport:

a. to impose a duty to provide continuing responses that is broader or more extensive than the duty to supplement set forth in RCFC 26(e);

b. to impose a duty to produce documents in response that is broader or more extensive than the duty set forth in RCFC 34, or purport to require defendant to produce documents that are not within its possession, custody, or control;

c. to require defendant to produce documents or information that is privileged or protected from disclosure by the attorney-client privilege, other applicable privileges, or by work product protection or other applicable protections;

d. to require defendant to produce the originals of responsive documents. Defendant will produce documents in the form of scanned images, except that upon plaintiff's demonstration of a particularized need for plaintiff to inspect the original of a particular document, defendant will consider producing such original document;

2. Defendant objects to Plaintiffs Discovery Requests to the extent that they seek documents or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to Plaintiff's Discovery Requests to the extent that they seek documents or information beyond the scope of the discovery permitted in this phase of the case, which is limited by the Court's order dated January 22, 2008 to (i) "limited fact discovery with regard to the determination of the governmen's *Teledyne* share in the surplus pension assets" and (ii) "the segment accounting issue." Accordingly, by responding to any document requests or interrogatories, defendant does not agree to provide any documents or information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, or that exceeds the limited scope of discovery defined by the Court's January 22, 2008 order.

3. Defendant states that its investigation of the facts is continuing, that the following responses represent the best information available to defendant at the time these responses were required to be served, and that defendant reserves the right to supplement these responses as appropriate.

4. Defendant objects to Plaintiffs Discovery Requests to the extent that they purport to require defendant to produce original documents at the office of Irell & Manella LLP. Defendant will produce documents in the form of scanned images.

5 Defendant incorporates by reference all of the above General Objections into its response to each discovery request.

**B. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

1. Defendant objects to the definitions of "YOU" or "YOUR" in paragraph II of plaintiff's definitions and instructions as meaning the entire United States Government, including all agencies, departments, and instrumentalities thereof, as overbroad, and unduly and disproportionately burdensome in violation of RCFC 26(b)(2).

2. Defendant objects to paragraph IX of plaintiff's definitions and instructions to the extent that it purports to require the documents to be produced in the same form in which they are maintained in the ordinary course of business. To the extent reasonably possible, defendant will produce scanned images of documents as they were maintained in the ordinary course of business.

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS identified in YOUR responses to DIRECTV's First Set of Interrogatories.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:



**EXHIBIT D**
Page 3

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS on which YOU rely in your responses to DIRECTV'S First Set of Interrogatories or in your responses to DIRECTV'S First Set of Requests for Admission.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify all pension cost, if any, that DIRECTV allocated to any Government contract, or paid by YOU to DIRECTV, for any period after January 1, 1990.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this

request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify when YOU informed or otherwise indicated to DIRECTV that it had failed to comply with Cost Accounting Standard ("CAS") 413 relating to its decision not to calculate separate pension cost for the DIRECTV SEGMENT for any period prior to January 1, 2001.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS on which YOU rely to support YOUR contention regarding the date on which the DIRECTV SEGMENT first came into existence as a segment for purposes of CAS 413.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention on this issue, all responsive, non-privileged documents within defendant's possession, custody, or control that have not been previously produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS on which YOU rely to support YOUR contention that the level of benefits, eligibility for benefits, or age distribution of the employees in the DIRECTV SEGMENT materially differed from the average of all DIRECTV segments.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention on this issue, all responsive, non-privileged documents within defendant's possession, custody, or control that have not been previously produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS on which YOU rely to support YOUR contention that the appropriate assumptions regarding the termination, retirement age, or salary scale of employees in the DIRECTV SEGMENT materially differed from the average of all DIRECTV segments.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention on this issue, all responsive, non-privileged documents within defendant's possession, custody, or control that have not been previously produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 8:**

The Department of Defense Office of Inspector General Report No. D-2002-145, entitled Effect of the Raytheon Defense Business Acquisitions on Pension Plans and DoD-Funded

Pension Assets, dated September 11, 2002 (hereafter "IG Report 145") and all drafts, versions, recommendations, revisions, approvals, or comments thereon, of or relating to the portions of IG Report 145 addressing the 1997 transaction between Hughes Electronics Corporation and the Raytheon Company.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 9:**

On page 8, IG Report 145 states:

> "The DCMA CIPR Branch performed a review of the pension matters between Hughes and Raytheon. DCMA concluded that the pension transfers complied with the pension agreement and issued a letter to the Defense Corporate Executive (DCE) on March 15, 2000, recommending that the DCE accept the allocation of assets between Hughes and Raytheon. On August 18, 2000, the letter was reissued to incorporate certain revisions to the transfer amounts, and again DCMA recommended that the DCE accept the transfer as being in compliance with the pension agreement. On October 20, 2000, DCMA issued another letter that cancelled and superseded the previous letters and identified a need to establish an earlier date for allocation of assets and liabilities to segments."

Produce the report(s) of the DCMA CIPR Branch review and the March 15, 2000, August 18, 2000, and October 20, 2000 letters referred to in this paragraph (including any attachments thereto), and all memoranda, reports, comments, analyses, explanations, recommendations, approvals, or other DOCUMENTS relating to the decision to revise, reissue, cancel or supersede any of such letters.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 10:**

All final reports of any Contractor Insurance/Pension Review (CIPR) conducted of DIRECTV or any subsidiary, division, business unit, segment or home office thereof for any period between January 1, 1990 and the present.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this

request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 11:**

All final indirect cost rate proposals submitted to you by DIRECTV or any subsidiary, division, business unit, segment or home office thereof covering any period between January 1, 1990 and the present.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 12:**

All draft and final audit reports relating in whole or in part to any final indirect cost rate proposal submitted to you by DIRECTV or any subsidiary, division, business unit, segment or home office thereof covering any period between January 1, 1990 and the present.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 13:**

All guidance, directives, instructions, interpretations, reports, manuals, or other DOCUMENTS interpreting or providing directions, advice or information regarding CAS 413-50(c)(2) or the requirement for or application of segment accounting or the calculation of separate pension cost for a segment.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this

request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents within defendant's possession, custody, or control that can be located by a reasonable non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 14:**

All guidance, directives, instructions, interpretations, reports, manuals, or other DOCUMENTS interpreting or providing directions, advice or information regarding the calculation of segment closing adjustments under CAS 413 as promulgated in 1977.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Defendant also objects to this request for production of documents as overbroad because it is not limited to the segment accounting issue as directed by the Court's order dated January 22, 2008. Without waiver of, or prejudice to, these objections, defendant responds as follows:

All responsive, non-privileged documents (i) that pertain to the allocation of assets to segments for purposes of a CAS 413 segment closing adjustment, (ii) that are within defendant's possession, custody, or control, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 15:**

All draft and final audit reports or other analyses relating or referring to the 1997 transaction between DIRECTV and the Raytheon Company; to the transfer of pension assets from the DIRECTV to the Raytheon Company; to the November 26, 2003 Segment Closing Calculation submitted to you by DIRECTV; or to the segment closing adjustment which you contend is required as a result of such transaction.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant objects to this request for production of documents to the extent that it purports to require defendant to search for and produce documents relating to defendant's contention regarding "the November 26, 2003 Segment Closing Calculation submitted to you by DIRECTV" and "the segment closing adjustment which you contend is required as a result of such transaction." By Order dated January 22, 2008, the Court limited discovery in this phase of the case to the segment accounting issue, and did not permit general discovery regarding the proper amount of the segment closing adjustment that plaintiff owes the Government. To the extent that plaintiff's request seeks documents relating to defendant's contention regarding what the appropriate allocation of assets to this segment was for purposes of the CAS 413 segment closing adjustment, defendant's investigation of the facts relating to this issue is continuing and cannot be completed until defendant has completed both its investigation of sources of

information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention regarding the appropriate allocation of assets to this segment for purposes of the CAS 413 segment closing adjustment, all responsive, non-privileged documents within defendant's possession, custody, or control (i) that relate to defendant's contention on this issue, (ii) that have not been previously produced in this action and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually -agreeable time and place.

With respect to the remainder of this request, all responsive, non-privileged documents within defendant's possession, custody, or control that (i) relate to the segment accounting issue framed by the Court's order dated January 22, 2008 (ii) that have not been previously produced in this action and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually - agreeable time and place.

**REQUEST FOR PRODUCTION NO. 16:**

All draft and final audit reports or other analyses relating or referring to the 2000 transaction between DIRECTV and the Boeing Company; to the transfer of pension assets from the DIRECTV to the Boeing Company; to the March 31, 2004 Segment Closing Calculation submitted to you by DIRECTV; or to the segment closing adjustment which you contend is required as a result of such transaction.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a., A.1.b., A.1.c., A.1.d., A.2, A.3, and A.4 of defendant's General Objections. Defendant further objects to this request for production of documents as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant objects to this request for production of documents to the extent that it purports to require defendant to search for and produce documents relating to defendant's contention regarding "the March 31, 2004 Segment Closing Calculation submitted to you by DIRECTV" and "the segment closing adjustment which you contend is required as a result of such transaction." By Order dated January 22, 2008, the Court limited discovery in this phase of the case to the segment accounting issue, and did not permit general discovery regarding the proper amount of the segment closing adjustment that plaintiff owes the Government. To the extent that plaintiff's request seeks documents relating to defendant's contention regarding what the appropriate allocation of assets to this segment was for purposes of the CAS 413 segment closing adjustment, defendant's investigation of the facts relating to this issue is continuing and cannot be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention regarding the appropriate allocation of assets to this segment for purposes of the CAS 413 segment closing adjustment, all responsive, non-privileged documents within defendant's

possession, custody, or control (i) that relate to defendant's contention on this issue, (ii) that have not been previously produced in this action and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually -agreeable time and place.

With respect to the remainder of this request, all responsive, non-privileged documents within defendant's possession, custody, or control that (i) relate to the segment accounting issue framed by the Court's order dated January 22, 2008 (ii) that have not been previously produced in this action and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually - agreeable time and place.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

OF COUNSEL:

DAVID D'ALESSANDRIS
Commercial Litigation Branch

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Rd.
Arlington Heights, IL 60005

C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965
E-Mail: Coleman.Bird@usdoj.gov
Attorneys for Defendant

Dated: April 21, 2008

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 21st of April, 2008, I caused a copy of the foregoing "Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents" to be (i) sent in .PDF format by electronic mail to the electronic mail address listed below, and (ii) placed in the United States mail (first-class postage prepaid) addressed as follows:

Alexander F. Wiles
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
E-Mail: AWiles@irell.com

Estelle M Bran

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**THE DIRECTV GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS**

## INTRODUCTION

Plaintiff, The DIRECTV Group, Inc. ("Plaintiff" or "DIRECTV"), brings this motion to compel to begin the process of remedying the Defendant's (hereinafter "the United States" or the "Government") latest effort to avoid resolution of this dispute and to undermine the discovery schedule put in place by the Court early this year.

On February 27, 2008, DIRECTV served on the Government seven interrogatories, focusing on the central issues of the case, along with sixteen requests for production of documents ("RFPs"). The issues addressed, and documents sought, by these discovery requests should be familiar to the Government, given that they stem from the years of investigation, fact-finding, and negotiation between DIRECTV and the Government that gave rise to final decisions by the Contracting Officer asserting a claim against DIRECTV based upon a purported failure to comply with Cost Accounting Standard ("CAS") 413, and ultimately, to this lawsuit. The

Government sought a six week extension of time to respond to this discovery, but the Court granted it only a three week extension and directed it to serve its responses on April 21, 2008. The Government did serve a response on April 21, but the Government's response was to stonewall the discovery. For four of the interrogatories, the Government responded by stating that it would not provide an answer either because it "has not formulated any contention" on key issues in the case or because its own "investigation" "is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to [the Government's discovery]." *See* Exhibit C, Responses to Interrogatory Nos. 2, 3 and 6.[1] Responding to the RFPs, the Government offered the facially reasonable response that it would make responsive documents available for inspection and copying "at a mutually-agreeable time and place." Discussions among counsel quickly revealed this response to be another delaying tactic, as the Government's counsel refused to give a starting date or ending date for the document production. Declaration of Alexander F. Wiles filed concurrently herewith ("Wiles Decl.") at ¶ 6. When pressed, the Government's counsel acknowledged that he had not yet received from the relevant agencies, or reviewed, the potentially responsive documents.[2] Ibid.

In short, the Government has declared war on this Court's discovery schedule. Its refusal to abide by that schedule will prejudice DIRECTV either by precluding it from conducting the discovery necessary to defend against the Government's claim or by indefinitely prolonging what

[1] The Government's response to Interrogatory No. 1 was essentially the same, but made by way of refusals to answer DIRECTV's requests for admission. That refusal is the subject of DIRECTV's companion motion under Rule 36(a) to determine the sufficiency of the Government's responses.

[2] The closest the Government's counsel came to providing a schedule was to state that he hopes to have its production complete by the date currently scheduled as the close of discovery, June 2, 2008. Wiles Decl., ¶ 6.

is a small but costly dispute. DIRECTV requests that the Court compel the Government to respond without objection, and fully, to Interrogatory Nos. 1 through 6 and to produce non-privileged documents responsive to the RFPs, all within five business days of this Court's ruling on this motion.[3]

## FACTUAL BACKGROUND

This case arises from DIRECTV's challenge to final decisions of the Contracting Officer issued in 2003 and 2004 asserting that DIRECTV failed to comply with CAS 413 in connection with the sale in 1997 of DIRECTV's defense business units and the sale in 2000 of DIRECTV's satellite business units. The final decisions themselves resulted from work done over a considerable period of time by the DCAA and the DCMA. DIRECTV filed this case in September, 2004, and the operative complaint in June, 2005.

In January 2008, this Court entered an order that the parties must complete fact discovery with regard to the Teledyne share issue and fact and expert discovery with regard to the segment accounting issue by June 2, 2008. On February 27, 2008, DIRECTV served on the Government its First Set of Interrogatories and First Set of Document Requests. *See* Exhibits A and B. On March 31, 2008, the day the Government's response was due, the Government filed a motion requesting a six-week extension of the deadline. Instead, on April 3, 2008, this Court granted the Government a three-week extension of the period to respond, a period of time that DIRECTV

[3] During the meet and confer, the Government did state that it intended to supplement the Government's responses to DIRECTV's Requests for Admission Nos. 3-7 and Interrogatories Nos. 1 (but only as applied to RFA Nos. 3-7), 2, and 6 by May 5th. The Government refused to agree to respond to the other interrogatories or RFAs. While DIRECTV hopes the Government will actually provide complete responses, thus narrowing the issues on this motion, the Government's track record is not an encouraging one. Thus, DIRECTV concluded that it was inappropriate to allow a further delay of these proceedings while awaiting the Government's response to see if it actually narrowed the scope of the dispute.

had previously offered to the Government unconditionally. The Court explicitly directed that "Defendant shall serve its response to plaintiff's discovery requests by Monday, April 21, 2008."

On April 21, 2008, the Government served Plaintiff with Defendant's Response to Plaintiff's First Set of Requests for Interrogatories (Exhibit C) and Defendant's Response to Plaintiff's First Set of Requests for Production (Exhibit D)(collectively "Defendant's Responses"). The interrogatory responses are largely mere boilerplate statements announcing that the Government will not respond. Typical are Government's responses to Interrogatory Nos. 2 and 3. The former, after incorporating the Government's objections, states:

> Defendant has not formulated any contention that DIRECTV was obligated under CAS 413.50(c)(2) or otherwise to calculate pension cost separately for the DIRECTV SEGMENT. Defendant's investigation of the facts relating to this issue is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. When defendant has formulated its contention on this issue, it will supplement its response to this interrogatory under RCFC 26(e).

The latter is identical, except it deletes the first sentence.

In response to most of the document requests, the Government promised to make responsive non-privileged documents available for inspection and copying by DIRECTV "at a mutually-agreeable time and place," but it failed to specify when it will begin to produce those documents or when its production will be complete.[4] The meet and confer process shed no light

[4] The Government refused to produce documents in response to three of the requests for production, numbers 14, 15 and 16. During the meet and confer process, the Government indicated it was willing to reconsider its refusal. The parties are still discussing this issue. DIRECTV hopes to resolve the objections raised by the Government through the meet and confer process and, accordingly, will not address those requests separately in its opening papers. Even if some compromise is reached, this Court should still order the Government to produce the documents covered by the compromise on the expedited schedule set forth in this motion.

on this subject except to reveal that, as of April 29, 2008, the Government's counsel had not yet gathered or reviewed the potentially responsive documents. Wiles Decl. ¶ 6.

**ARGUMENT**

There can be no question that an order compelling the Government to produce responsive documents within a very short period of time is appropriate. The Government's responses and its statements during the meet and confer process indicate quite clearly that it sat on its hands from roughly March 10, when it claims to have first received the discovery, until March 31 when it sought a six week extension of time to respond and then again from April 3 through April 21 when it served its responses promising to produce documents "at a mutually-agreeable time and place." As of April 30, 2008, when this motion is being filed, the Government will have had the RFPs for 51 days by its own count. During that 51 day period, also by the Government's own admission, it has failed even to gather the documents for review, much less review them for responsiveness and privilege and undertake the logistical steps necessary to produce them in this litigation. Wiles Decl. ¶ 6. Failing to receive the six-week extension it requested, the Government now seeks to achieve its goal by other means, by replying to DIRECTV's discovery requests in only a limited manner and forcing DIRECTV to constantly object to its tardiness. Such behavior has been condemned by the courts, and should not be allowed here. *See Association of American Physicians and Surgeons, Inc. v. Clinton*, 837 F. Supp. 454, 457 (D.D.C. 1993) (Motion to compel and sanctions warranted where, as here, "the government decided it would file an incomplete answer and then supplement it whenever it pleased, effectively divesting this court of control over the discovery process and ensuring that during the briefing process on the motion to compel the government would continue to produce dribbles and drabs of information at its convenience.")

It is clear that nothing short of an order compelling the Government to make a complete production, by a date in the very near future, is going to result in the Government's obedience to this Court's schedule. While such a result may require a lot of effort very quickly by the Government and its counsel, that burden is something that the Government has brought upon itself by its failure to undertake any good faith efforts for 51 days to produce documents on the schedule set by the Court. This Court is well within its discretion to make such an order. *See, e.g. Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 403 (6th Cir. 1998) (Stating that when considering a motion to compel, "The scope of discovery is, of course, within the broad discretion of the trial court.")

There is also very little question that an order compelling the Government to respond to interrogatories 1 through 6 fully and within a very short period of time is appropriate. DIRECTV served only seven interrogatories in its First Set of Discovery Requests, focusing its requests on the central issues of this dispute, as limited by the Court's January 22, 2008 scheduling order. Again, the Government appears to have sat on its hands during two consecutive three week periods before its responses were due. Clearly, from its own counsel's admission, it has not gathered and evaluated documents in its possession to assist it in answering the interrogatories.

The Government's grounds for its failure to respond to interrogatories seeking the bases for its contentions—that it has not formulated its contentions or finished its investigation—are frivolous both factually and legally. As a factual matter, it must be remembered that the Government is the claimant in this proceeding. Its claim arises from work done by its agents at DCAA and DCMA and is embodied in several final decisions of a Contracting Officer. Interrogatory 2, for example, asks the Government to explain its contention that DIRECTV was obligated under the Cost Accounting Standards ("CAS") to calculate separate pension cost for

the DIRECTV consumer segment, a contention contained in the Contracting Officer's Final Decision dated June 14, 2005. This report is one of the Contracting Officer's Final Decisions that DIRECTV challenges in to this lawsuit. In the June 14, 2005 Decision, the Contracting Officer stated that "Although DIRECTV used the composite method of accounting for pension costs, Old CAS 413.50(c)(2) required it to use segment accounting for pension costs… I have reason to believe that there was a material difference in the level of benefits between the DIRECTV and DTV segments at least as early as 1994." Wiles Decl., ¶ 7. However, in its April 21, 2008 response to Interrogatory 2, the Government stated that "Defendant has not formulated any contention that DIRECTV was obligated under CAS 413.50(c)(2) or otherwise to calculate pension cost separately for the DIRECTV SEGMENT," a statement that directly contradicts the June 14, 2005 Final Decision that DIRECTV is challenging in this lawsuit. *See* Exhibit B, interrogatory response No. 2. Since the entire premise of the June 14, 2005 Final Decision (and by implication the earlier ones as well) is that DIRECTV owes a segment closing adjustment on account of its failure to account separately for the DIRECTV Segment, the Government has effectively stated that it has no basis for pursuing its claim.[5] If that is truly the case, then the Court should enter judgment in DIRECTV's favor on the June 14, 2005 Final Decision (if not on all of them).

---

[5] The Government's refusal to respond to Interrogatory Nos. 3 and 6 is equally frivolous. Interrogatory 3 merely asked the Government to identify the total amount of pension cost allocated to Government contracts by DIRECTV for each year during the period from 1987 through 2000. Interrogatory 6 asked the Government to identify the date that it first advised DIRECTV to calculate separate pension cost of the DIRECTV consumer segment, and to identify the documents that contained such instruction. The Government does not explain why it requires DIRECTV's responses to its own discovery requests in order to reply to these interrogatories; indeed, how much pension costs DIRECTV allocated to the Government and the date that the Government first advised DIRECTV that it was required to use segment accounting are fundamental facts that the Government should have known before this litigation even began.

The Government's responses also fail as a matter of law. The law is clear that contention interrogatories are not improper even at early stages of a dispute (and this dispute is long past its early stages). This is particularly true where, as here, the interrogatory is addressed to the party bringing the claim. *See U.S. ex rel. O'Connell v. Chapman University,* F.R.D. 646, 650 (C.D. Cal, 2007) ("Rule 11 requires plaintiffs to have a basis for their allegation in the complaint, and contention interrogatories seek information about that basis; thus, an objection that "discovery has only just begun" makes no sense at all."). Even if the Government argues that DIRECTV must meet some burden in order to show that its interrogatories are proper, DIRECTV has clearly met that burden given the content of its interrogatories, limited as they are to the central facts underlying the Government's case, and their timing—the Government's responses were due only one month before DIRECTV will conduct its depositions and six weeks before the close of the discovery period on the issues covered. *See, e.g., McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 59 (D.C. Pa. 1979) ("If such an interrogatory eliminates unnecessary testimony, avoids wasteful preparation, narrows the issues, leads to relevant evidence or generally expedites fair disposition of the lawsuit and serves any other substantial purpose sanctioned by discovery, the court should require response.")

Even when the Government has made some response to the interrogatories, its responses are limited and incomplete, and require further supplementation. Interrogatory No. 1 directed the Government, for each request for admission that it did not unequivocally admit, to state the basis for its denial. The Government's makes no response except to direct DIRECTV to its responses to DIRECTV's First Set of Requests for Admission, overlooking the fact that these responses are wholly inadequate, and merely state that the Government cannot respond to DIRECTV's requests

for admission.[6] Interrogatory No. 4 asks the Government to describe fully and with particularity the reasons and basis for the Government's cancellation of a series of letters sent to DIRECTV in 2000. The Government's response is incomplete, failing to answer the most critical portion of DIRECTV's interrogatory-- explaining the basis for the cancellation of the Government's March 15, 2000 determination that the transactions at issue complied with the pension agreement between DIRECTV and the Government-- and instead offers only four sentences of explanation, far short of the full and particular explanation that DIRECTV has requested. In response to Interrogatory No. 5, which asks the Government to identify each person who contributed to the Final Decisions referenced above, and to explain fully and with particularity each person's role in preparing these decisions, the Government merely provided a list of Government employees and their titles. Such a list is insufficient to identify to DIRECTV those individuals whom have the most knowledge regarding the issues discussed therein, and does not "explain fully and with particularity" the role that each of these individuals played. The Court should likewise compel a complete response to these interrogatories.

**CONCLUSION**

RCFC 37(a)(3) states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." In light of the Government's boilerplate responses to DIRECTV's entirely appropriate interrogatories, and baseless assertions that it cannot reply until it receives responses to its own discovery requests, the Government's responses cannot be considered anything more than evasive or incomplete. The Government's failure to provide adequate responses to DIRECTV's interrogatories is particularly inappropriate

[6] The Government's responses to DIRECTV's First Set of Requests for Admission are subject to a Motion to Determine the Sufficiency of the Defendant's Response, filed concurrently with this Motion. The Government's failure to respond to those requests is discussed in more detail therein.

in light of the fact that all of the information necessary to respond to DIRECTV's requests is within the Government's possession, the fact that this dispute has been ongoing for more than five years, and the fact that these wholly inadequate responses come after the Government was already granted a three-week extension of time to respond. Furthermore, although it has promised that it would do so, the Government has not made documents responsive to DIRECTV's RFPs available, nor indicated when and where it would do so. The Government's complete failure to provide substantive, reasonable responses to DIRECTV's discovery requests has prejudiced and continues to prejudice DIRECTV, interfering with DIRECTV's ability to proceed with discovery. This prejudice is all the more egregious given that the Court ordered period for discovery closes in little over one month, and that the Government's failure to respond is only the latest in a long line of efforts to delay this case and subvert the schedule that the Court has put in place. In light of this prejudice, the Government should be ordered to immediately provide reasonable and complete responses to the First Set of Interrogatories served by DIRECTV and, subject only to its claim of privilege, to make all non-privileged documents responsive to DIRECTV's RFPs available to DIRECTV for inspection and copying.

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: April 30, 2008

# CERTIFICATE OF FILING

I hereby certify that on the 30th day of April, 2008, a copy of the foregoing **MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS** and accompanying documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP