IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36(a) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff The DIRECTV Group, Inc. ("DIRECTV") hereby moves for an order to determine the sufficiency of the responses to the request for admissions served on February 27, 2008, stating as follows.

1. On February 27, 2008, DIRECTV served on the United States Plaintiff's First Set of Requests for Admission ("RFAs"), a true copy of which is attached hereto as Exhibit A and incorporated herein. Granting in part, and denying in part, the Government's request for an extension of time, this Court on April 3, 2008 directed the Government to serve its responses to the RFAs, and other discovery, on April 21, 2008.

2. The United States responded on April 21, 2008 with Defendant's Response to Plaintiff's First Set of Requests for Admission ("Defendant's Response"), a true copy of which is attached hereto as Exhibit B and incorporated herein.

3. Response nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12 of the Defendant's Response do not comply with the requirements of Rule 36 in that Defendant refused to admit or deny the RFAs

without specifying in detail why it was unable to admit or deny and without having previously made a sufficient "reasonable inquiry" as required by RCFC 36(a).

4. Response no. 9 of the Defendant's Response does not comply with the requirements of Rule 36 in that Defendant failed to respond to the RFA as framed by DIRECTV.

WHEREFORE, DIRECTV moves the Court to establish as admitted the said facts set forth in RFAs 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, for an order directing Defendant to respond to RFA No. 9 as framed by DIRECTV and for an award of expenses pursuant to RCFC 37(c).

This motion will be based on this Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Alexander F. Wiles, and all other pleadings and papers contained in the record. DIRECTV requests that this motion be considered on an expedited basis in light of the June 2, 2008, discovery cutoff that applies to the bulk of the issues in this case. In furtherance of that request, DIRECTV has submitted an *ex parte* application for an order shortening time for the filing of opposition and reply briefs.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

Dated: April 30, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**DIRECTV'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Rules of the United States Court of Federal Claims, Plaintiff The DirecTV Group, Inc., hereby propounds this First Set of Requests for Admission on Defendant The United States of America. Defendant The United States of America is instructed to respond in writing to the following requests for admission within thirty (30) days after the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions apply to each of the requests for admission below and are deemed to be incorporated into each request:

I. The term "DIRECTV" as used herein means the DIRECTV Group, Inc., and includes its predecessors Hughes Electronics Corporation and Hughes Aircraft Company.

II. The term "YOU" or "YOUR" as used herein means the United States Government ("the Government") and all agencies, departments, and instrumentalities thereof.

III. The term "DIRECTV SEGMENT" as used herein means the DIRECTV business unit that provides direct broadcast satellite television services.

IV. The term "RAYTHEON TRANSACTION" as used herein refers to the transfer by DIRECTV of its DEFENSE SEGMENT to the Raytheon Company effective December 17, 1997.

V. The term "BOEING TRANSACTION" as used herein refers to the transfer by DIRECTV of its SATELLITE SEGMENT to the Boeing Company effective October 6, 2000.

VI. The term "DOCUMENT" or "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, emails, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Rule 34 of the Rules of the United States Court of Federal Claims. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

VII. As used herein, the term "all" shall mean "any and all" and the word "including" shall mean "including without limitation," as appropriate in order to bring within the scope of these requests any responsive information that might otherwise be beyond their scope.

VIII. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

**REQUESTS FOR ADMISSION**

1. Admit that no DIRECTV pension cost has been allocated to any Government contract, or paid by you to DIRECTV, for any period after 1992.

2. Admit that all qualified pension benefit funds maintained by DIRECTV were fully funded as of November 30, 1992 such that the actuarial value of the assets in each plan exceeded the accrued actuarial liabilities contained therein, and that these funds were fully funded continuously until the time of the RAYTHEON TRANSACTION and BOEING TRANSACTION, respectively.

3. Admit that DIRECTV was at all times in compliance with Cost Accounting Standard ("CAS") 413 relating to its decision not to calculate separate pension cost for the DIRECTV SEGMENT prior to December 1, 1994.

4. Admit that at no time prior to January 1, 2001, was DIRECTV required pursuant to CAS 413-50(c)(2) to calculate separate pension cost for the DIRECTV SEGMENT.

5. Admit that at no time prior to January 1, 2001, did YOU notify, inform, recommend or otherwise indicate to DIRECTV that CAS 413-50(c)(2) required DIRECTV to calculate separate pension cost for the DIRECTV SEGMENT.

6. Admit that at no time prior to January 1, 2001, did YOU notify, inform or otherwise indicate to DIRECTV that YOU considered DIRECTV to be in noncompliance with CAS 413 by reason of DIRECTV's failure to calculate separate pension cost for the DIRECTV SEGMENT

7. Admit that no reports of audit conducted by YOU ever recommended that DIRECTV calculate separate pension cost for the DIRECTV SEGMENT.

8. Admit that the DIRECTV SEGMENT first came into existence as a segment for CAS 413 purposes in 1994.

9. Admit that no pension cost (as that term is used in CAS 413-50(c)(2)) was allocated to any segment of DIRECTV at any time after the creation of the DIRECTV SEGMENT.

10. Admit that at no time after the creation of the DIRECTV SEGMENT would the calculation of separate pension cost for the DIRECTV SEGMENT have materially affected the amount of pension cost allocated to the DIRECTV SEGMENT (as those terms are used in CAS 413.-50(c)(2)).

11. Admit that at no time after the creation of the DIRECTV SEGMENT was there a material termination gain or loss attributable to the DIRECTV SEGMENT (as those terms are used in CAS 413.-50(c)(2)).

12. Admit that no pension plan for the DIRECTV SEGMENT was ever merged with that of another segment (as those terms are used in CAS 413.-50(c)(3)).

Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
DUANE MORRIS LLP
1667 K Street N.W., Suite 700
Washington, DC 20006-1608
(202) 776-7893
(202) 776-7801 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: February 27, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing were caused to be served this 27th day of February, 2008 upon the following in the manner indicated:

**BY MAIL**

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch, Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

Alexander F. Wiles
IRELL & MANELLA LLP

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-1414C<br>(Judge Firestone) |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, responds as follows to DIRECTV's First Set of Requests for Admissions ("Plaintiff's Discovery Requests"), dated February 27, 2008.

## A. DEFENDANT'S GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Discovery Requests to the extent that they purport:

1. to impose a duty to provide continuing responses that is broader or more extensive than the duty to supplement set forth in RCFC 26(e);

b. to require defendant to produce documents or information that is privileged or protected from disclosure by the attorney-client privilege, other applicable privileges, or by work product protection or other applicable protections.

2. Defendant objects to Plaintiff's Discovery Requests to the extent that they seek documents or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant states that its investigation of the facts is continuing, that the following responses represent the best information available to defendant at the time these responses were required to be served, and that defendant reserves the right to supplement these responses as appropriate.

4. Defendant incorporates by reference all of the above General Objections into its response to each discovery request.

**B. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

1. Defendant objects to the definitions of "YOU" or "YOUR" in paragraph II of plaintiff's definitions and instructions as meaning the entire United States Government, including all agencies, departments, and instrumentalities thereof, as overbroad, and unduly and disproportionately burdensome in violation of RCFC 26(b)(2).

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that no DIRECTV pension cost has been allocated to any Government contract, or paid by you to DIRECTV, for any period after 1992.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 2:**

Admit that all qualified pension benefit funds maintained by DIRECTV were fully funded as of November 30, 1992 such that the actuarial value of the assets in each plan exceeded the accrued actuarial liabilities contained therein, and that these funds were fully funded continuously until the time of the RAYTHEON TRANSACTION and BOEING TRANSACTION, respectively.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission

as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 3:**

Admit that DIRECTV was at all times in compliance with Cost Accounting Standard ("CAS") 413 relating to its decision not to calculate separate pension cost for the DIRECTV SEGMENT prior to December 1, 1994.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission

as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 4:**

Admit that at no time prior to January 1, 2001, was DIRECTV required pursuant to CAS 413-50(c)(2) to calculate separate pension cost for the DIRECTV SEGMENT.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at no time prior to January 1, 2001, did YOU notify, inform, recommend or otherwise indicate to DIRECTV that CAS 413-50(c)(2) required DIRECTV to calculate separate pension cost for the DIRECTV SEGMENT.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous, and overbroad and unduly and disproportionately burdensome in violation of RCFC 26(b)(2). Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at no time prior to January 1, 2001, did YOU notify, inform or otherwise indicate to DIRECTV that YOU considered DIRECTV to be in noncompliance with CAS 413 by reason of DIRECTV's failure to calculate separate pension cost for the DIRECTV SEGMENT.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous, and overbroad and unduly and disproportionately burdensome in violation of RCFC 26(b)(2). Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 7:**

Admit that no reports of audit conducted by YOU ever recommended that DIRECTV calculate separate pension cost for the DIRECTV SEGMENT.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by

defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the DIRECTV SEGMENT first came into existence as a segment for CAS 413 purposes in 1994.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the

matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 9:**

Admit that no pension cost (as that term is used in CAS 413-50(c)(2)) was allocated to any segment of DIRECTV at any time after the creation of the DIRECTV SEGMENT.

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant admits that no pension costs were charged to the Government after 1994 for the DIRECTV SEGMENT; however, normal pension costs as defined in CAS 412 were charged against pension surplus during this period.

**REQUEST FOR ADMISSION NO. 10:**

Admit that at no time after the creation of the DIRECTV SEGMENT would the calculation of separate pension cost for the DIRECTV SEGMENT have materially affected the amount of pension cost allocated to the DIRECTV SEGMENT (as those terms are used in CAS-413.50(c)(2)).

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 11:**

Admit that at no time after the creation of the DIRECTV SEGMENT was there a material termination gain or loss attributable to the DIRECTV SEGMENT (as those terms are used in CAS 413.50(c)(2)).

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

**REQUEST FOR ADMISSION NO. 12:**

Admit that no pension plan for the DIRECTV SEGMENT was ever merged with that of another segment (as those terms are used in CAS 413.50(c)(3)).

**DEFENDANT'S RESPONSE:**

Defendant incorporates by reference the objections stated in ¶¶ A.1.a, A.1.b., A.2, and A.3 of defendant's General Objections. Defendant further objects to this request for admission as vague and ambiguous. Without waiver of, or prejudice to, these objections, defendant responds as follows:

Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

C Coleman Bird
by David Ellen

OF COUNSEL:

DAVID D'ALESSANDRIS
Commercial Litigation Branch

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Rd.
Arlington Heights, IL 60005

C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965

Dated: April 21, 2008

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 21st of April, 2008, I caused a copy of the foregoing "Defendant's Responses to Plaintiff's First Set of Requests for Admission" to be (i) sent in .PDF format by electronic mail to the electronic mail address listed below, and (ii) placed in the United States mail (first-class postage prepaid) addressed as follows:

Alexander F. Wiles
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
E-Mail: AWiles@irell.com

Estelle M Brown

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 04-1414C<br>(Judge Firestone) |

**MEMORANDUM IN SUPPORT OF DIRECTV'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION**

## INTRODUCTION

Plaintiff, The DIRECTV Group, Inc. ("Plaintiff" or "DIRECTV"), brings this motion to remedy the latest tactic of Defendant (hereinafter "the United States" or the "Government") in its years long campaign to avoid resolution of this dispute. This motion arises from the Government's failure to comply with Rule 36(a) of the rules of this Court and this Court's April 3, 2008 Order in responding to Plaintiff's First Set of Requests for Admission ("RFAs"). DIRECTV served those requests on February 27, 2008, as part of a modest wave of discovery designed to enable DIRECTV to complete its discovery on the Teledyne share and segment accounting issues by June 2, 2008, as required under this Court's scheduling order. On April 3, 2008, the Court rejected the Government's request for a six week enlargement of time to respond, instead granting it three weeks and directing "Defendant shall serve its response to plaintiff's discovery requests by Monday, April 21, 2008."

On April 21, 2008, the Government served its "responses" to those RFAs. As to 11 of the 12 requests, the Government's response was to refuse to respond.[1] Essentially, for these 11 RFAs, the Government stated, in identical boilerplate responses, that the additional time granted

[1] The Government engaged in similar stonewalling tactics in "responding" to DIRECTV's interrogatories and document requests. The Government failed to respond to the bulk of the interrogatories as it was required to do on April 21, stating either that it had "no contention" on the key issues in the case or was undertaking an "investigation" of those issues. The Government did promise to produce various documents, but to date has refused to make them available to Plaintiff's counsel. DIRECTV is simultaneously filing a motion to compel to address these failings of the Government.

by this Court wasn't enough, that its "investigation" was still continuing, and that it would "supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested," whenever that might be. On the twelfth, RFA No. 9, the Government's response was to refuse to respond to the request as it was written, but rather to admit something different than what was asked. None of the Government's "responses" complies with Rule 36(a). Under that rule, this Court has discretion to impose a variety of obligations and sanctions when a party refuses to respond to RFAs. Because the Government has acted in bad faith—essentially undertaking to destroy this Court's discovery schedule after having been denied a lengthy extension that would have done the same thing—this Court should deem admitted without qualification RFA numbers 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12 and should order the Government to admit or deny RFA number 9 as framed by DIRECTV.

## FACTUAL BACKGROUND

This case arises from DIRECTV's challenge to final decisions of the Contracting Officer issued in 2003 and 2004 asserting against DIRECTV claims based upon a purported non-compliance with CAS 413 in connection with the sale in 1997 of DIRECTV's defense business units and the sale in 2000 of DIRECTV's satellite business units. The final decisions themselves resulted from work done over a considerable period of time by the DCAA and the DCMA. DIRECTV filed this case in September, 2004, and the operative complaint in June, 2005.

On January 22, 2008, the Court entered an order modifying and clarifying its prior orders setting a discovery deadline of April 30, 2008. Under the January 22 order, the parties to this case must complete fact discovery with regard to the Teledyne share issue and fact and expert discovery with regard to the segment accounting issue by June 2, 2008. The same order directs DIRECTV to file its motion for summary judgment on the segment accounting issue by July 3, 2008.

On February 27, 2008, DIRECTV served its first set of RFAs on the United States. *See* Exhibit A. The Government's responses were due on March 31, 2008. The Government failed to respond, but instead, on that same day, moved for an extension of time to respond to all of DIRECTV's discovery until May 12, 2008. DIRECTV opposed, noting that the extension

requested by the Government would "prevent DIRECTV from completing its discovery by June 2, 2008...and thus further prejudice DIRECTV in its efforts to bring this case to a conclusion." The Court agreed with DIRECTV and gave the Government only the three week extension that DIRECTV did not oppose. The Court directed the Government to respond to DIRECTV's discovery requests, including its RFAs, on April 21, 2008.

On April 21, 2008, the Government served DIRECTV with Defendant's Response to Plaintiff's First Set of Requests for Admission ("Defendant's Response"). *See* Exhibit B. Defendant refused to respond to eleven out of the twelve RFAs. Response numbers 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12 were identical:

> Defendant states that it has made reasonable inquiry regarding this matter within the time available for preparing this response, and that the information known or readily obtainable by defendant within the time available for preparing this response is insufficient to permit defendant to admit or deny the matter requested. Defendant's investigation of the facts relating to the matter requested is continuing and will not be completed until defendant has completed both its investigation of sources of information within the Government and its review of the documents and information to be provided by plaintiff in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated April 4, 2008, and any additional discovery that may be required in light of plaintiff's discovery responses. Defendant, therefore, states that it cannot truthfully admit or deny the matter requested. Defendant will supplement this response pursuant to RCFC 26(e) when it has completed its investigation of the facts relating to the matter requested.

*See* Exhibit B at 2-12 (Defendant's Response Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12). Defendant did not otherwise attempt to specify in detail why it was unable to admit or deny each RFA, nor did it indicate the nature of the "reasonable inquiry" that was made for each RFA. Only RFA number 9 drew any response at all, and that response was to admit that "no pension costs were charged to the Government after 1994 for the DIRECTV segment..." even though the request asked the Government to "Admit that no pension cost (as that term is used in CAS 413.50(c)(2)) was allocated to any segment of DIRECTV at any time after the creation of the DIRECTV SEGMENT."

**ARGUMENT**

The issues to which DIRECTV addressed its RFAs could not have come as a surprise to the Government. They address facts and theories that both the Government and DIRECTV articulated in correspondence before the final decisions of the Contracting Officer and were

covered in the final decisions themselves, settlement discussions between DIRECTV and the Department of Justice and filings with this Court. Those RFAs were designed to establish certain non-controversial facts that form the bases of the contentions that DIRECTV intends to make on its summary judgment motion and to flesh out or eliminate theories of recovery that the United States has at one time or another articulated in vague fashion. The Government does not voice any objection to the wording of the requests. Therefore, under Rule 36, the Government was obliged, after a reasonable inquiry, to admit or deny each request.

If the Government feels it cannot admit or deny a specific request, the Government, under Rule 36, is obligated to (1) specify in sufficient detail why it was unable to admit or deny the request, and (2) describe the scope of the inquiry it conducted in attempting to respond to that request and explain why that inquiry failed to allow the Government to admit or deny the request. To date, the Government has done neither. In its "responses" to the RFAs, the Government created a generic response and used that same response for each request, choosing not to specify why it could not respond to each RFA.[2] These "boilerplate" responses fail to satisfy the specificity required by Rule 36. Nor has the Government supplied any evidence that it actually performed a reasonable inquiry. Indeed, it seems highly unlikely that it did so, given that this case and the RFAs at issue on this motion are about final decisions that reflect months if not years of effort by DCAA and DCMA, which must certainly be in possession of the information necessary for the Government to respond to the RFAs.[3] Some of the requests even address facts or legal theories trumpeted in this Court by the Government's counsel, indicating that the Government made a conscious choice not to respond instead of doing the work they needed to do.

---

[2] The Court may recall that the Government adopted the same tactic in seeking its six week extension of time to respond to DIRECTV's discovery. Rather than making a showing of the efforts it had made to respond to DIRECTV's discovery as of March 31, or explaining why it could not respond, the Government simply stated that it "will not be possible to complete the preparation of defendant's responses by the current due date (March 31, 2008)." Motion for Enlargement of Time, filed March 31, 2008, at 2.

[3] The meet and confer process that preceded the filing of DIRECTV's companion motion to compel provided evidence of the lack of any good faith inquiry by the Government. As discussed more fully in that motion, counsel for the Government acknowledged that as of April 29, 2008 he had not yet received and reviewed any of the documents from the underlying agencies for production to DIRECTV.

The Government's non-responses were clearly made in bad faith for the purpose of undermining this Court's scheduling orders. By refusing to respond to the RFAs, the Government has frustrated the very purpose of Rule 36, to expedite trial by establishing certain material facts as true, and thus to narrow the range of issues for trial. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).[4] The Government cannot continue to pursue its claims against DIRECTV without substantiating them. Given its failure to comply with either the letter or purpose of the Rule, and its clear bad faith in refusing to respond to the RFAs, this Court should deem the RFAs admitted without qualification. *See A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006) (deeming RFAs admitted where the responses were "evasive and incomplete, and fail to demonstrate that he made any inquiry -- let alone a reasonable inquiry -- into the factual bases for his responses").

## I. Defendant Has Not Detailed Why It Could Neither Admit nor Deny the RFAs As Required By Rule 36(a)

The United States has not complied with the requirement that Rule 36(a) imposes on an answering party that is neither admitting nor specifically denying a request to "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." RCFC 36(a). Rule 36(a) requires that parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (citations and internal quotations omitted). Courts have held that "an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter," does not comply with the literal requirements of Rule 36(a), and that, in those circumstances, courts may deem the matter admitted. *Asea,* 669 F.2d at 1245.

The United States did not detail why it could not respond to each of Plaintiff's RFAs. Instead, it used the identical language quoted above for every "response." The responses never specifically address the individual RFAs to which they purport to respond. Courts find such boilerplate

[4] This case and other federal cases in this motion refer to Federal Rule of Civil Procedure 36 ("FRCP"). RCFC 36 is almost identical to FRCP 36 and interpretation of FRCP 36 informs the Court's analysis. See Rules Committee Note, 2002 Revision, Rules of the United States Court of Federal Claims (as amended June 20, 2006), at 1.

responses to be insufficient. *See, e.g., Hamilton v. Kerik*, 2002 WL 31834428 (S.D.N.Y. 2002) (finding insufficient a boilerplate general reason why party could not respond).

### II. Defendant Did Not Satisfy the "Reasonable Inquiry" Exception to Its Obligation To Admit or Deny The RFAs

Under Rule 36, an answering party may not give lack of information or knowledge as a reason for failure to admit or deny an RFA "unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." RCFC 36(a). It is not enough for a responding party to claim that it made a reasonable inquiry in attempting to answer the RFAs, it must have actually made such an inquiry in good faith. *Gracenote, Inc. v. Musicmatch, Inc.*, 2003 U.S. Dist. LEXIS 26015 (N.D. Cal. 2003). A reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Diederich v. Department of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). The necessary inquiry may include making inquiry of related parties, and under certain limited circumstances non-parties. *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y 2003) (noting that the "operative words" are "reasonable" and "due diligence").

Although the United States claims that it investigated reasonably available sources in formulating its answers, there is no indication that it actually did so and every reason to believe that it did not. First, courts are particularly skeptical of use of the "reasonable inquiry" exception to avoid responding where, as here, the responding party has not explained what inquiry it actually made. *See, e.g., Henry*, 212 F.R.D. at 78 (noting that Rule 36 requires the responding party to make a reasonable effort to secure readily obtainable information and to "state fully those efforts") (citations omitted); *see also A. Farber & Partners*, 237 F.R.D. at 257 (requiring parties to provide "declarations setting forth in detail the nature of the 'reasonable inquiry' they made to supplement their responses."). In *Asea, Inc. v. Southern Pac. Transp. Co.*, the defendants responded to 18 of the plaintiff's requests for admission as follows:

> Answering party cannot admit or deny. Said party has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues.

*Asea*. 669 F.2d at 1244. The *Asea* court reasoned, "[w]e are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." *Id.* at 1246. The situation here is identical; the responding party gave boilerplate responses to 11 of 12 RFAs and has offered no hint of what it did by way of investigation before refusing to admit or deny the requests.

Second, the knowledge necessary to respond to virtually all of the RFAs is necessarily in the hands of agents of the Government.[5] Its agent, the Contracting Officer, after audits and the assertion of a claim by DCAA, issued several final decisions in 2003, 2004 and 2005 that found that the Government had claims against DIRECTV for segment closing adjustments because DIRECTV had failed to account separately for its consumer segment and then, when it sold certain of its government contracting businesses, transferred pension plan assets to the buyers using composite accounting to calculate what should be transferred. DIRECTV's complaint challenges those final decisions. It is thus no answer for the Government to imply that it needs discovery from DIRECTV to respond. It must have some basis for its claim or it is in violation of Rule 11. There is simply no excuse for the Government's failure to respond to RFAs that seek, among other things, to establish that DIRECTV allocated no pension cost to any Government contract during the period relevant to this case, that the Government did not take the positions asserted by the Contracting Officer during its many audits of DIRECTV prior to the sales at issue, or that DIRECTV was in compliance with CAS.[6] All of this information is readily available to the Government from its own agents and files.

---

[5] In some cases, the RFAs can be admitted or denied based on information in the possession of the Government as one of the contracting parties (e.g., RFA Nos. 1, 2). In several others, the RFA asks the Government to admit that, during the course of its audits, it did not give a particular instruction to DIRECTV. (e.g., RFA Nos. 5, 6 and 7). In still others, the RFA seeks to eliminate certain legal theories by asking the Government to admit or deny that certain actions of DIRECTV complied with CAS (e.g., RFA Nos. 3, 4, 10), questions that the claimant should readily be able to answer. The remainder of the RFAs address factual issues that the DCAA auditors and the Contracting Officer must have known in order to develop and press the Government's claim.

[6] The Government has even refused to answer RFAs that track statements it has made to this Court. RFA number 4 is an example of this:

As in *Asea*, the United States has given no indication that it has inquired into the information available to it to respond to any of these RFAs. Its response in fact indicates that it made no separate inquiry apart from a purported general investigation into the factual underpinnings of its claim. Rule 36 clearly proscribes this type of response:

> A larger group of cases...has taken the view that if the responding party lacks knowledge, he must inform himself in reasonable fashion.
>
> The rule as revised adopts the majority view, as in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process. It has been argued against this view that one side should not have the burden of "proving" the other side's case. The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be "readily obtainable."

Advisory Committee's Note to Rule 36(a), 48 F.R.D. 531, 533 (1970) (citations omitted). The Government's refusal to respond to the 11 of the 12 RFAs propounded by DIRECTV is a clear abuse of the discovery rules. *Asea,* 669 F.2d at 1247 (noting that courts have found a failure to comply with the "reasonable inquiry" requirement where readily obtainable information is sufficient for the party to admit or deny the matter).

## III. This Court Should Deem Admitted the 11 RFAs To Which the Government Refused to Respond and Direct It To Answer The Remaining RFA

Courts can order a matter admitted when a party has intentionally disregarded the obligations imposed by Rule 36(a). *Asea*, 669 F.2d at 1247. Under Rule 37(c), attorneys' fees also may be awarded for Rule 36 violations.[7]

---

> Admit that DIRECTV was at all times in compliance with Cost Accounting Standard ("CAS") 413 relating to its decision not to calculate separate pension cost for the DIRECTV SEGMENT prior to December 1, 1994.

The United States replied that it could neither truthfully admit nor deny this RFA. However, it specifically asserted in one of its Status Reports: "the Government believes that discovery will demonstrate that, as far back as 1994 and perhaps earlier, DIRECTV was required by CAS 413.50(c)(2), 48 C.F.R. § 9904.413-50(c)(2), to use segment accounting rather than composite accounting." *See* Defendant's Status Report, filed January 7, 2008 (Doc. 71) at 4.

[7] DIRECTV leaves to the discretion of the Court whether to award it the attorneys' fees it incurred in filing this motion. If the Court elects to do so, DIRECTV will submit the necessary supporting information.

Rule 36 allows this Court to deem Defendant's RFAs admitted. RCFC 36(a). Courts will deem a faulty answer an admission when the evidence shows that it should have been admitted or when the court finds that the responding party's conduct in answering the requests for admission is reprehensible, contravenes a court order, or was in bad faith. *JZ Buckingham Invs. LLC v. United States*, 77 Fed. Cl. 37, 45 (Fed. Cl. 2007) ("where a federal court finds a lack of good faith on the part of the responding party, it may deem the matter admitted"); *A. Farber & Partners*, 237 F.R.D. at 256-58 (deeming requests for admission admitted when responding party gave evasive answers and court had previously sanctioned responding party for failing to make a reasonable inquiry); *Cochrane v. IRS*, 107 T.C. 18, 26, 1996 WL 443134 (1996) (taking as established facts set forth in requests for admission when responses were evasive, incomplete and not in good faith despite prior court order).

There can be no dispute that the United States was able or, after performing even the most basic of inquiries, would have been able to answer the RFAs. This case, after all, stems from multiple DCAA audits and final decisions of the Contracting Officer. The reason the Government did not answer the RFAs seems clear. The Government has fought tooth and nail against the efforts of DIRECTV, and in the process against the rulings of this Court, to resolve this relatively small stakes case in prompt and efficient fashion. In January, the Court listened to the Government's arguments and set what it believed to be a fair schedule, requiring the completion of discovery on the bulk of the issues in this case by June 2. Throughout February and March, the Government still did nothing, allowing the deadline for designating experts to pass and serving no discovery.[8] Then, as its deadline to answer DIRECTV's discovery expired, the Government sought a six week extension that would have destroyed the discovery schedule adopted by the Court. DIRECTV objected, and the Court agreed with DIRECTV and directed the Government to serve its responses on April 21, 2008, three weeks after they were originally due. Not content to abide by this Court's order, the Government gave itself an indefinite

[8] The Government did serve some discovery on or about April 4. One of the side benefits to the Government of its improper tactics in refusing to respond to discovery is that it will receive DIRECTV's responses to its much later discovery long before DIRECTV actually receives any substantive responses to the discovery it served in February.

extension—refusing to respond to the RFAs that are the subject of this motion, failing to answer virtually all of the interrogatories, and failing to make available to DIRECTV documents that the Government said in its Rule 34 responses it would produce. The meet and confer process revealed that the Government's counsel before serving the Government's responses had not even received and reviewed documents from the relevant agencies for production to DIRECTV. The Government's bad faith could hardly be clearer. Despite the Court's order directing the Government to respond to DIRECTV's discovery by April 21, DIRECTV still has no documents from the Government, one RFA response, virtually no interrogatory answers and less than five weeks to complete discovery. The Government apparently hopes that DIRECTV will be forced to seek an extension of the discovery cutoff. There is a far more appropriate remedy for these abusive tactics, deeming the 11 RFAs that the Government refused to answer admitted and requiring the Government to prosecute its claim, if it can, in light of those deemed admissions.[9] The Government's clear disregard for this Court, the rules of procedure, and DIRECTV's time and money warrants this result.

## CONCLUSION

For the foregoing reasons, DIRECTV respectfully requests that the Court enter an order deeming admitted without qualification RFA nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12 of its First Set of Requests for Admission and ordering the Government to answer RFA number 9 as framed by DIRECTV.

[9] The Government made some effort to respond to RFA No. 9, though that effort was objectionable because it rephrased the request before responding. DIRECTV does not contend that this conduct by the Government was in bad faith. Accordingly, DIRECTV asks only that the Court direct the Government to answer RFA No. 9, as framed.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: April 30, 2008

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

## CERTIFICATE OF FILING

I hereby certify that on the 30th day of April, 2008, a copy of the foregoing **DIRECTV'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUETS FOR ADMISSION** and accompanying documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Alexander F. Wiles