IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR BRIEFING ON PLAINTIFF DIRECTV'S DISCOVERY MOTIONS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff The DirecTV Group, Inc., ("DIRECTV") will and hereby does apply ex parte for an order shortening the time to brief and hear its concurrently filed motions regarding the sufficiency of Defendant The United States' ("the Government's") discovery responses. DIRECTV requests that the Court order the Government to file and serve its oppositions to DIRECTV's discovery motions by midnight on Monday, May 5, 2008, and DIRECTV to file its replies by midnight on Wednesday, May 7, 2008. This ex parte application to shorten time is brought pursuant to the Court's inherent power to control its calendar. Shortened time is sought on the grounds that a swift hearing is needed in order to prevent further prejudice to DIRECTV from the Government's continued delays and to keep the parties on the schedule ordered by the Court, which calls for discovery on the Teledyne share issue and segment accounting issue to end on June 2, 2008.

On April 21, 2008, after benefiting from the Court's grant of a three-week extension of the deadline to respond, the United States ("the Government") responded to Plaintiff's First Set of Discovery Requests ("Discovery Requests"), served on February 27, 2008. Despite the fact that the Government has been pursuing this case for more than five years, and has all of the necessary information in its control to answer the Discovery Requests, the Government was unable or unwilling to provide responsive answers to 11 of the 12 requests for admission or to the majority of the interrogatories propounded by DIRECTV. The Government also failed to make any documents available for DIRECTV's counsel to review, despite conceding in its responses that it was obligated to do so. Instead, the Government's responded that its investigation was still incomplete, and that it needed to review DIRECTV's answers to its own discovery requests before it could reply to the interrogatories and requests for admission, although it made no effort to explain why this was so. With respect to making documents available to DIRECTV, the Government's excuse, given in the meet and confer process, is simply that it has not yet obtained and reviewed the potentially responsive documents. Given that this case began after years of Government investigation into DIRECTV's government accounting practices, and after the Government issued several Contracting Officer's Final Decisions finding that DIRECTV had failed to comply with the relevant Cost Accounting Standards ("CAS"), these excuses must be viewed as merely another effort to delay resolution of this dispute. At the time of the filing of this application, because of the delay caused by the Governments lack of substantive reply, the Government has already benefited from a unilateral extension of the deadline to respond to DIRECTV's discovery requests of over one week.

The parties attempted to meet and confer to resolve their differences but were unable to agree on either the scope or timing of actual responses to DIRECTV's discovery requests

or for completion of document production. Accordingly, DIRECTV is filing today a motion to determine the sufficiency of the Government's response to DIRECTV's First Set of Request for Admissions and a motion to compel the production of documents and responses to DIRECTV's First Set of Interrogatories.

Counsel for Plaintiff advised counsel for the Government on April 23, 2008 that it intended to file this ex parte application unless the Government agreed to an expedited briefing schedule. *See* Declaration of Alexander F. Wiles ¶ 4. DIRECTV proposed that the Government's response be due three days after DIRECTV filed its motions, and that DIRECTV's reply would be due two days after that. Counsel explained that this expedited schedule was necessary in order to abide by the Schedule ordered by the Court, which calls for the close of discovery on June 2, 2008. On April 28, 2008, counsel for the Government replied that it would not agree to an accelerated briefing schedule. *Id.* at 5. Accordingly, DIRECTV now requests that the Court order the Government to file and serve its oppositions to DIRECTV's discovery motions by midnight on Monday, May 5, 2008, and DIRECTV to file its replies by midnight on Wednesday, May 7, 2008.

This ex parte application is based on this Application itself, the concurrently filed motions regarding the sufficiency of defendant's discovery responses and the exhibits to those motions, the Memorandum of Points and Authorities in support of those motions, the declaration of Alexander F. Wiles filed concurrently herewith, and such further evidence and argument as may be presented prior to the Court's ruling on this application.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: April 30, 2008

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

**CERTIFICATE OF FILING**

I hereby certify that on the 30th day of April, 2008, a copy of the foregoing **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO BRIEF AND HEAR MOTIONS CONCURRENTLY FILED REGARDING THE SUFFICIENCY OF DEFENDANT'S DISCOVERY RESPONSES** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP