IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

I, Alexander F. Wiles, declare as follows:

1. I am a partner with the law firm of Irell & Manella, counsel of record for Plaintiff The DIRECTV Group, Inc. ("DIRECTV") in this action. If called to testify I could and would testify competently to the facts set forth herein.

2. On February 27, 2008, DIRECTV served on Defendant the United States of America ("the Government") its First Sets of Requests for Admission, Interrogatories and Document Requests. True and correct copies of each are attached to DIRECTV's motions filed today.

3. On April 21, 2008, Defendant the United States of America ("the Government") served on DIRECTV Defendant's Responses to Plaintiff's First Set of Requests for Admission, Interrogatories and Document Requests ( collectively "Defendant's Responses"). True and correct copies of each are attached to DIRECTV's motions filed today.

4. On April 23, 2008, two days after receiving Defendant's Response, co-counsel

Alan Brown and I called Mr. Coleman Bird, counsel for the Government, to attempt to meet and confer regarding the Defendants' Responses. Mr. Bird declined to engage in a meet and confer, explaining that he was busy preparing for a hearing on the following day. Following this call, and at Mr. Bird's request, I sent Mr. Bird an email describing the issues about which we needed to communicate, and informed him that I would be available to discuss these issues after his hearing. I also advised Mr. Bird that, if he did not reply by April 28, we would assume he was unwilling to change his position and file motions to determine the sufficiency of the Government responses to DIRECTV's requests for admission under Rule 36(a) and to compel the Government to properly respond to DIRECTV's first sets of interrogatories and documents requests. In this e-mail, I also asked Mr. Bird to agree to an expedited briefing schedule for these motions and advised him that, if he did not agree, that DIRECTV intended to ask the Court for such an Order.

5. Mr. Bird responded on April 28 by stating that he believed that the Government would be able to supplement some of its responses, and indicated that he would not agree to the expedited briefing schedule requested by DIRECTV. After further e-mail exchanges, Mr. Bird offered to supplement the Government's responses to DIRECTV's Requests for Admission Nos. 3-7 and Interrogatories Nos. 1, 2, and 6 by no later than May 5th.

6. Following our e-mail exchange, Mr. Bird and I (and others) conducted a telephonic meet and confer. During that meet and confer, Mr. Bird refused to answer any of the other Requests for Admission or interrogatories that had gone unanswered. With respect to two interrogatories that the Government did partially answer and a couple of document requests that we also addressed, Mr. Bird committed only to "get back" to me about certain deficiencies in the interrogatory answers that the Government did in fact provide. In our telephonic meet and confer, Mr. Bird refused to provide a schedule for producing the documents the Government had

indicated that it intends to produce. He specifically refused to give me either a date for the start to the production or a date by which the production would be completed. When I pressed him about why he could not at least begin the production immediately, Mr. Bird stated that he had not yet received the potentially responsive documents from the underlying agencies and would have to put those documents into the Department of Justice database and then review those documents for responsiveness and privilege before he could produce them. The closest the Government's counsel came to providing a schedule was when Mr. Bird stated that he hopes to be able to complete the Government's production by the date currently scheduled as the close of discovery, June 2, 2008. At the end of our telephonic meet and confer, I advised Mr. Bird that DIRECTV would be filing its motions and ex parte application on April 30, 2008.

7. On June 14, 2005, the Defense Contract Management Agency issued the Contracting Officer's Final Decision Regarding Finding of CAS Noncompliance ("the Final Decision"). In that Final Decision, at page two, the Government stated: "Although DIRECTV used the composite method of accounting for pension costs, Old CAS 413.50(c)(2) required it to use segment accounting for pension costs… I have reason to believe that there was a material difference in the level of benefits between the DIRECTV and DTV segments at least as early as 1994."

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: April 30, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 30th day of April, 2008, a copy of the foregoing **DECLARATION OF ALEXANDER F. WILES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION AND MOTIONS CONCURRENTLY FILED REGARDING THE SUFFICIENCY OF DEFENDANT'S DISCOVERY RESPONSES** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP