IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**THE DIRECTV GROUP, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

The DIRECTV Group, Inc. ("DIRECTV") and the United States of America ("the Government") have met and conferred regarding the entry of a protective order in this case. DIRECTV and the Government (collectively, "the parties") agree that information that may necessarily be disclosed during this action may contain proprietary or confidential information belonging to themselves or to third parties. To address these concerns, the parties have agreed on the entry of the proposed Protective Order and on all of the language of a proposed order, with one exception. DIRECTV files this motion in order to request that the Court enter a protective order and to ask that the Court include in that order the one paragraph about which DIRECTV and the Government cannot agree.

Attached here as Exhibit A is a copy of the proposed Protective Order that DIRECTV hereby asks the Court to enter. The only dispute concerns the obligation of the parties to return

or destroy confidential material at the completion of the case. This issue is addressed by paragraph 10 of Exhibit A. In every other Cost Accounting Standards ("CAS") 413 case pending in this courtroom in which a protective order has been issued, both parties are obligated to return or destroy all confidential material at the end of the case.[1] DIRECTV maintains that this obligation is appropriate and should be imposed in this case as well, while the Government insists that in this one case the parties should be entitled to retain forever up to two copies of confidential material after the termination of this action.

DIRECTV believes that, in order to properly safeguard the confidential or proprietary information belonging to DIRECTV, the Government, or third parties, DIRECTV and the Government should be obligated to return or destroy all confidential material at the termination of this case. This and the other CAS 413 cases involve the pensions of tens of thousands of employees and retirees. It is foreseeable that documents produced under the protective order may contain names, birthdates, social security numbers, and other confidential personal information requiring the utmost protection. Simply leaving that information in Government files years after the attorneys familiar with the data and the obligations of this Court's Order are gone risks compromising that information and is unfair to those individuals.

In addition to the personal information of the employees and retirees, other information will likely belong to other companies who are not parties to this litigation, especially The Boeing

[1] *Raytheon Company, v. The United States*, No. 05-448C, Docket Entry 31 (Protective Order entered July 13, 2006); *Viacom Inc. v. United States of America*, No. 01-79C, Docket Entry 25 (Protective Order entered on November 7, 2001); *General Motors Corporation v. The United States*, No. 00-40C, Docket Entry 69 (Protective Order entered on November 28, 2000); and *General Electric Company v. The United States,* No. 99-172C, Docket Entry 46 (Protective Order Entered on May 30, 2000).

Company and Raytheon Company, who were the acquirers of the two former DIRECTV segments at issue in this case. The data of those companies is also deserving of even greater protection than the data of a party. Indeed, adopting the Government's position here would create the anomalous situation in which Raytheon's data produced in its own CAS 413 case before this Court would receive greater protection than data involuntarily produced in this same type of case before the same Judge. The Government could be entitled in this case to retain the very same Raytheon data that it is already required to return to Raytheon when produced in that case. There is no basis for such an inconsistent approach.[2]

Finally, unless the Government is suggesting that it is unwilling or unable to comply with its obligations under the Orders already issued by this Court in the other CAS 413 cases, it cannot argue that compliance with the obligation to return or destroy protected materials at the end of the case is impossible or excessively onerous. Indeed, the volume of protected material to be produced in this case is likely to be substantially less than in most of those other cases in which the "return or destroy" obligation already exists.[3]

---

[2] This Court has promoted consistency in the six CAS 413 cases pending before it. This was again reflected in the Court's June 30, 2008, Order providing that the attorneys in all six cases may be admitted to the protective orders in each of the other cases. Because protected materials will be shared among attorneys for all six parties, the requirements of the protective orders should remain substantially the same, and materials produced in this one case should not be singled out for disparate treatment.

[3] The Government has suggested that the Court's standard protective Order in bid protest cases (Form 8 to the Rules of this Court) should guide the answer in this case. The nature of the information to be protected here renders that form Order inapposite. Bid protests rarely involve personal information such as presented here, and in most cases the vast majority of protected information is already in the agency's possession in the form of the competing proposals and the Government's own evaluation materials. Because of the unique characteristics of bid protest cases, that form has been specified by the Court as a model for those particular cases only. The Rules do not suggest that it should be applied more generally to other types of cases.

The terms of paragraph 10 of the protective order proposed by DIRECTV are substantively identical to the terms of the protective orders entered by this Court in the other CAS 413 cases now pending in this courtroom. No justification has been provided for why this data is required by the Government after this case is over, and no justification can be provided why data produced in this case cannot be as easily returned or destroyed as it must be in every other CAS 413 case. There is no basis for confidential data produced in the DIRECTV CAS 413 case to receive less protection than that provided for the same types of data being produced in other cases of the same type before the same Judge in the same Court.

DIRECTV accordingly requests entry of the proposed protective order attached as Exhibit A.

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: July 15, 2008

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**PROTECTIVE ORDER**

The Court, having considered the arguments presented by The DIRECTV Group and the United States of America, issues this Protective Order to facilitate discovery under the Rules of the Court of Federal Claims. This Order shall remain in effect through conclusion of this litigation.

The Court has determined, and the parties have agreed, that certain information that may necessarily be disclosed orally or in writing during this action may contain proprietary, confidential, or otherwise protectable information ("Confidential Material"). To address these concerns, it is ordered that Confidential Material, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. When used in this Order, the word "documents" means all written, electronic, recorded, or graphic material whatsoever, including, but not limited to, responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, deposition

transcripts and any portion of any court papers that quote from or summarize any of the foregoing.

2. The designation of documents or information as Confidential Material for purposes of this Order shall be made in the following manner:

(a) The party or third party disclosing or producing the documents or information to be designated as Confidential Material (in whole or in part) shall first have made a good faith determination that the material is Confidential Material.

(b) When either party or a third party produces documents and/or things for initial inspection by the inspecting party's counsel of record, no marking need be made in advance of the initial inspection. Thereafter, upon the inspecting party's counsel of record's selection of specified documents for copying, the party or third party producing the documents shall mark the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party's counsel of record. In the event that documents are produced without first being marked as confidential, then the party or third party producing the documents may do so, within thirty (30) days of such production, by notice in writing to the inspecting party's counsel of record. Upon such notification, the parties shall mark any original or copies of such documents or information with the appropriate confidentiality marking.

(c) The designation of documents or information as Confidential Material shall be made by marking the documents or information in any manner that will not interfere with legibility and reproduction, such as with the word(s) "CONFIDENTIAL," "PROTECTED," or "Proprietary Matter," or other appropriate notice. If a party intends to designate an entire multi-page document, i.e., pages that are stapled, clipped, rubber-banded, or otherwise attached to each other, as Confidential Material, marking the first page of that document

"CONFIDENTIAL," "PROTECTED," or "Proprietary Matter," or with another appropriate notice will suffice. Electronic copies of documents shall be designated by attaching an appropriate notice to the medium (e.g., compact disc) containing such documents; any party that prints out images of the pages of such documents provided by another party or third party shall stamp them "CONFIDENTIAL," "PROTECTED," or "Proprietary Matter," or with another appropriate notice.

(d) The transcript of any deposition or other pretrial testimony by any witness shall be deemed Confidential Material in its entirety for a period of ten (10) business days following the receipt of such transcript by each party's counsel of record. Any party or third party designating such testimony as Confidential Material shall provide the other party or parties with an appropriately-marked transcript identifying those portions of the transcript that contain Confidential Material. Upon notification, remaining copies of the transcript shall be marked in accordance therewith.

(e) Should a party or third party inadvertently fail to designate documents or information as Confidential Material or mistakenly designate documents or information as Confidential Material, the party discovering the inadvertence or mistake shall notify the other party for prompt correction.

(f) Counsel for either party may at any time object to the designation of documents or information as Confidential Material. If, after mutual consultation, the designating party or third party and the objecting party are unable to resolve the objection, the objecting party may submit the matter to the court for resolution. Until the court resolves the dispute, the documents or information shall be treated as Confidential Material.

3. Documents and information designated as Confidential Material shall be disclosed only to:

(a) Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

(b) Employees of a party (or of affiliates of DIRECTV) who are assisting counsel in the preparation and trial of this action;

(c) Consultants, investigators, and experts retained by the parties or counsel to assist (whether or not designated as trial witnesses) in the preparation and trial of this action;

(d) Court reporters engaged for depositions, and employees of such court reporters reasonably necessary for the transcription of depositions;

(e) The court and its personnel, and the court of appeals and its personnel in the event of any appeal relating to this action; and

(f) Any other person or entity to whom counsel for the party producing the Confidential Material agrees in writing, or whom the court directs, to have access to such Confidential Material.

4. Any person described in paragraphs 3(b), 3(c), 3(d) or 3(f) to whom Confidential Material is disclosed shall be informed of the confidentiality undertakings set forth in this Order and shall execute an agreement in the form of the confidentiality agreement attached as Exhibit A.

5. Confidential Material shall be used solely for the purposes of this litigation and shall not be disclosed to anyone other than those individuals identified in paragraph 3 above unless this Order is modified by the Court.

6. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, or is utilized in any manner other than as authorized by this Order, the person responsible for such disclosure or use shall, upon discovery of the disclosure or use, immediately inform the party or third party that produced the Confidential Material that was disclosed or used of all facts pertinent to such disclosure or use that, after due diligence and prompt investigation, are known to the person responsible for the disclosure or use, including the name, address, and employer of the person to whom the Confidential Material was disclosed or by whom such Confidential Material was used. The person responsible for the disclosure or use shall also make reasonable efforts to prevent disclosure or use by each person who received Confidential Material and to obtain the return of the Confidential Material.

7. No document (including motions, briefs, depositions, and exhibits) containing Confidential Material shall be filed with the Clerk of the United States Court of Federal Claims unless filed separately under seal in an envelope with a legend on the envelope and documents substantially as follows:

> This envelope/document contains protected information.
> Disclosure or use of such information is restricted by court order.
> This document is filed under seal.

.8. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of protected documents consistent with this agreement, prevent or limit in any way the use of such documents and information by any agency in any proceeding regarding any potential violation of law or regulation.

9. The inadvertent or mistaken production of any privileged documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the party who produced the documents in discovery, all such inadvertently-produced documents, and all copies of such documents, shall be returned to the producing party within five (5) business days of such demand, and such documents shall not be introduced into evidence, or be subject to production, in this or any other proceeding, without the consent of the party who produced the documents in discovery. This agreement shall not deprive DIRECTV or the Government of the right to contest any privilege claim.

10. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Material produced by DIRECTV, the Government, or any third party in discovery, including any reproductions of such material, must be either (a) returned to the party who produced the documents in discovery or its counsel; or (b) destroyed and a written certification of such destruction provided by counsel for the receiving party.

**IT IS SO ORDERED.**

**NANCY B. FIRESTONE**
**Judge**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No: 04-1414C<br>(Judge Firestone) |

**DECLARATION OF**

STATE OF ________ )
)
COUNTY OF ______ )

1. My name is ____________________.

2. My business is __________________.

3. My present employer is ________________.

4. My present occupation or job description is _______________.

5. I have received a copy of the Protective Order issues in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED:

## CERTIFICATE OF FILING

I hereby certify that on the 15th day of July 2008, a copy of the foregoing **MOTION FOR ENTRY OF PROTECTIVE ORDER** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP