**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE DIRECTV GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-1414C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**STIPULATION**

Plaintiff The DIRECTV Group Inc. ("DIRECTV") and defendant United States ("the Government") hereby stipulate and agree as follows:

1. For purposes of calculating the segment closing adjustment under CAS 413.50(c)(12) for the Defense Segment closing, the amounts of pension assets and actuarial accrued liabilities allocable to the Defense Segment in accordance with CAS 413.50(c)(12) as of the date of segment closing (December 17, 1997), the amounts of pension assets and liabilities transferred to the buyer in connection with the Defense segment closing transaction, and the Government's *Teledyne* share of the Defense Segment's surplus are as set forth in the following Table 1:

**Table 1. Defense Segment Closing**

| | Nonbargaining Plan | Bargaining Plan |
|---|---|---|
| Market Value of Assets Allocable to Segment | $ 4,950,355,329 | $ 824,299,819 |
| Assets Transferred to Buyer | $ 4,922,801,181 | $ 848,614,132 |
| | | |
| Liabilities Allocable to Segment | $ 2,874,703,872 | $ 435,324,687 |
| Liabilities Transferred to Buyer | $ 2,874,703,872 | $ 435,324,687 |
| | | |
| Government's *Teledyne* Share | 8.625 % | 8.005 % |

2. For purposes of calculating the segment closing adjustment under CAS 413.50(c)(12) for the Satellite Segment closing, the amounts of pension assets and actuarial accrued liabilities allocable to the Satellite Segment in accordance with CAS 413.50(c)(12) as of the date of segment closing (October 6, 2000), the amounts of pension assets and liabilities transferred to the buyer in connection with the Satellite segment closing transaction, and the Government's *Teledyne* share of the Satellite Segment's surplus are as set forth in the following Table 2:

**Table 2. Satellite Segment Closing**

| | Nonbargaining Plan | Bargaining Plan |
|---|---|---|
| Market Value of Assets Allocable to Segment | $ 1,551,790,190 | $ 292,140,791 |
| Assets Transferred to Buyer | $ 1,578,818,706 | $ 262,036,271 |
| | | |
| Liabilities Allocable to Segment | $ 889,683,156 | $ 147,661,000 |
| Liabilities Transferred to Buyer | $ 889,683,156 | $ 147,661,000 |
| | | |
| Government's *Teledyne* Share | 7.975 % | 7.22 % |

3. The only remaining issues relating to any adjustment of, or credit for, previously-determined pension costs that may be required under CAS 413, FAR 31.201-5, FAR 31.205-6(j), or the clause at FAR 52.216-7 (the Allowable Cost and Payment clause) because of the segment closings resulting from DIRECTV's sale of the Defense and Satellite Segments are the following:

a. whether DIRECTV's transfer of pension surplus (*i.e.*, pension assets in excess of actuarial accrued liabilities) to the buyer of the Defense Segment and to the buyer of the Satellite Segment in the amounts set forth in Table 1 (Defense Segment) and Table 2 (Satellite Segment) eliminates any obligation on DIRECTV's part to provide a credit, or make a payment, to the Government as a segment closing adjustment under CAS 413.50(c)(12) with respect to the pension surplus of each segment that DIRECTV retained and did not transfer to the buyer (the so-called "surplus transfer" issue); and

b. the proper method to be used in calculating the segment closing adjustment under CAS 413.50(c)(12) when a contractor (DIRECTV) sells a segment that is covered by two pension plans, and, as part of the segment closing transaction, (i) transfers all of the closed segment's actuarial liabilities to the buyer, (ii) transfers to the buyer from one plan an amount of assets that is *greater* than the amount of plan assets allocable to the segment, but (iii) transfers to the buyer from the other plan an amount of assets that is *less* than the amount of plan assets allocable to the segment (the so-called "offset" issue).

4. With respect to these two remaining issues, the positions of the parties are:

a. *DIRECTV's Position*: The question posed by issue 3.a should be answered in the affirmative. In the circumstances set out in issue 3.b, the segment closing adjustment mandated by CAS 413.50(c)(12) should be determined on a segment-by-segment basis, such that the adjustment of previously-determined pension costs represents the difference between the total market value of the assets and actuarial liabilities of the segment as a whole, including all affected pension plans.

b. *The Government's Position*: The question posed by issue 3.a should be answered in the negative. In the circumstances set out in issue 3.b, the segment closing adjustment under CAS 413.50(c)(12) should be calculated based solely upon the amounts of assets and actuarial liabilities in each plan that the seller retains that are allocable to the closed segment, without regard to the seller's transfer to the buyer of any plan assets that are allocable to other segments and not to the closed segment.

5. The parties jointly request that the Court resolve the issues identified in paragraph 3 on cross-motions for summary judgment. The parties agree that no discovery is needed to

resolve the "offset" issue. As to the "surplus transfer" issue, the Court has already determined in its January 22, 2008 order that any fact discovery related to the value that should be accorded the surplus transfer, and any expert discovery related to the "surplus transfer" issue, shall not commence until after the Court has issued a decision on the issue in *General Electric Co. v. United States*, Fed. Cl. No. 99-172C, and *Unisys Corp. v. United States*, Fed. Cl. No. 05-281C, now set for oral argument on August 25, 2008. As contemplated in the January 22 Order, the parties will contact the Court to schedule a status conference after the Court has issued its decision on this issue in *GE* and *Unisys*.

6. The parties agree that, promptly after the Court has resolved the "surplus transfer" issue, and, if necessary, the "offset" issue, they will submit to the Court a calculation of the segment closing adjustment amounts for the Defense and Satellite segment closings using the amounts and values as agreed upon in this Stipulation and in accordance with the Court's rulings on the "surplus transfer" and "offset " issues. The parties further agree that they will make a good faith effort to prepare and submit joint calculations before they submit a separate calculation of the segment closing adjustment for either segment closing.

s/Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorneys of Record for
THE DIRECTV GROUP, INC.

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

OF COUNSEL:

Alan C. Brown
ENTERPRISE BUSINESS LAW
GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: July 25, 2008

s/C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965
E-Mail: Coleman.Bird@usdoj.gov
Attorneys for Defendant United States

OF COUNSEL:

LAWRENCE S. RABYNE
Trial Attorney
Defense Contract Management Agency
1523 West Central Road
Arlington Heights, Illinois 60005

Dated: July 25, 2008

CERTIFICATE OF FILING

I hereby certify that on this 25th day of July, 2008, a copy of "Stipulation" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
Ellen M. Lynch