**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE DIRECTV GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-1414C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR AN**
**ORDER AMENDING PROTECTIVE ORDER**

Defendant, the United States, requests that the Court enter an order amending the language of the Protective Order entered July 18, 2008 (Docket No. 95)[1] to permit counsel for each party, at the conclusion of this litigation, to retain a properly secured and marked copy of the Confidential Material produced in this case. Specifically, we request that the Court add the following sentence at the end of ¶ 10 of the Order: "Each party may retain one copy of the Confidential Material provided that such material is properly marked and secured."

The basis for the motion is that, as the Court of Federal Claims itself has recognized in promulgating Form 8, the form of Protective Order for bid protest cases, a party has a legitimate interest in retaining one properly secured copy of the Confidential Material obtained in the course of a litigation, and should not be required to return or destroy all such Confidential

[1] The Court may have entered the Protective Order under the misapprehension that there was no dispute between the parties regarding any aspect of the proposed order. The Court's July 18, 2008 Order states that "Defendant's unopposed motion, filed July 15, 2008, for entry of a protective order is GRANTED." The motion was filed by plaintiff The DIRECTV Group Inc. ("DIRECTV"), however, not by defendant, and DIRECTV's motion argued at some length against allowing the Government to retain any Confidential Material, no matter how secured.

Material at the conclusion of the litigation. This Court's Form 8 ("Protective Order in Procurement Protest Cases") provides:

> 20. Disposing of Protected Information. Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received. *Each party may retain one copy of such documents provided those documents are properly marked and secured.*

Appendix of Forms, Form 8, ¶ 20 (underlining in original; italics added). The language that we request is virtually identical to the language that the Court itself has recommended for use in bid protest cases, cases that frequently involve the most sensitive, current confidential business and proprietary information.[2] The level of protection that the Court has found appropriate for this most sensitive confidential information in bid protest cases should plainly be sufficient for the confidential information at issue in these cases, which consists of actuarial and financial information relating to transactions that occurred at a minimum eight years ago (the Satellite segment closing was in October 2000, and the Defense segment closing in December 1997).

DIRECTV never suggests anything to the contrary. In its July 15, 2008 motion, it never even attempts to demonstrate how its confidential information would be at risk of disclosure if the Government were allowed to retain a copy of this information, properly marked and secured. There is no reason to think that the language of this Court's Form 8 would provide insufficient

[2] Because of concerns expressed about the risks of having only a single copy of archived material in the event of a fire or other catastrophe, we had previously requested that each party be allowed to retain two copies. In light of DIRECTV's objection, we seek in this motion leave to retain only a single copy, in language that is virtually identical to the language of this Court's Form 8.

protection for DIRECTV's confidential information in this case. Indeed, to the extent that confidential material is incorporated in motions, briefs, or pleadings, the order as it now stands would require the Government to return or destroy all such motions, briefs, *etc*., with the result that the Government would have an incomplete record of the course of this litigation. This is plainly unnecessary, particularly where DIRECTV has made no showing of any reason why the heightened protection that the Court provides in Form 8 for business and proprietary information of the most sensitive nature would not be sufficient for the dated actuarial information involved here.

Finally, DIRECTV misleadingly suggests in its motion that no protective order in any other CAS 413 segment closing cases "pending in this courtroom" contains language similar to the language we have requested. The DIRECTV Group, Inc.'s Motion for Entry of Protective Order, filed July 15, 2008, at 2 ("In every other [CAS] 413 case *pending in this courtroom* in which a protective order has been issued, both parties are obligated to return or destroy all confidential material at the end of the case.") (emphasis added; footnote omitted). Surprisingly, DIRECTV fails to mention that, as it well knows, the protective order entered by Judge Braden in another CAS 413 segment closing case, *Lucent Technologies Inc. v. United States*,. Fed. Cl. No. 04-1511C (filed September 6, 2007) (copy attached as Attachment No. 1) , squarely contradicts DIRECTV's assertion. That order imposes a "return or destroy" obligation only upon the plaintiff, and not upon the Government, and specifically allows counsel for plaintiff to retain one copy of the Confidential Material, provided that it is marked "protected" and properly secured. Paragraph 10 of that order provides in its entirety:

> 10. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal,

> *counsel for plaintiff* (i) shall destroy all Confidential Material (including any reproduction of such documents) produced to plaintiff in discovery either by the Government or by any other party, and certify in writing to the Government and any other producing party that such destruction has occurred, or (ii) shall return the Confidential Material to the party or parties from which the Confidential Material was received. Provided the documents are marked "protected" and are properly secured, *counsel for plaintiff may retain one copy of the unredacted Confidential Material*.

Attachment No. 1, ¶ 10 (emphasis added).

Here, by contrast, we are willing to have the "return or destroy" obligation imposed upon the Government, and we ask only that we be permitted to retain a single copy of the Confidential Material, properly marked and secured.

**<u>Conclusion</u>**

For the foregoing reasons, defendant respectfully requests that the Court amend the Protective Order entered July 18, 2008 by adding the single sentence to ¶ 10 that we have requested, to allow both parties, not just the Government, to retain one copy of Confidential Material, properly marked and secured.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk Manhardt
by s/ Brian M. Simkin
KIRK MANHARDT
Assistant Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965
E-Mail: Coleman.Bird@usdoj.gov

Attorneys for Defendant United States

OF COUNSEL:

LAWRENCE S. RABYNE
Trial Attorney
Defense Contract Management Agency
1523 West Central Road
Arlington Heights, Illinois 60005

Dated: August 14, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 14th day of August, 2008, a copy of the foregoing Defendant's Motion for an Order Amending Protective Order was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird