# Attachment 1

# In the United States Court of Federal Claims

No. 04-1511C
(Consolidated with Case No. 04-1512C)
Filed: September 6, 2007

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC., | * |
| Plaintiff, | * |
| and, | * |
| AT&T CORP., | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

**PROTECTIVE ORDER (NO. 04-1511C)**

On August 16, 2007, the Government filed an Unopposed Motion for Entry of a Protective Order. The court has determined, and the parties have agreed, that certain information that may necessarily be disclosed orally or in writing during this action may contain proprietary, confidential, or otherwise protectable information ("Confidential Material"). To address these concerns, it is ordered that Confidential Material, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. When used in this Order, the word "documents" means all written, electronic, recorded, or graphic material whatsoever, including, but not limited to, responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, deposition

transcripts and any portion of any court papers that quote from or summarize any of the foregoing.

2. The designation of documents or information as Confidential Material for purposes of this Order shall be made in the following manner:

(a) The party disclosing or producing the documents or information to be designated as Confidential Material (in whole or in part) shall first have made a good faith determination that the material is Confidential Material.

(b) When either party produces documents and/or things for initial inspection by the inspecting party's counsel of record, no marking need be made in advance of the initial inspection. Thereafter, upon the inspecting party's counsel of record's selection of specified documents for copying, the party producing the documents shall mark the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party's counsel of record. In the event that documents are produced without first being marked as confidential, then the party producing the documents may do so, within thirty (30) days of such production, by notice in writing to the inspecting party's counsel of record. Upon such notification, the parties shall mark any original or copies of such documents or information with the appropriate confidentiality marking.

(c) The designation of documents or information as Confidential Material shall be made by marking the documents or information in any manner that will not interfere with legibility and reproduction, such as with the word(s) "PROTECTED," or "Proprietary Matter," or other appropriate notice. If a party intends to designate an entire multi-page document, i.e., pages that are stapled, clipped, rubber-banded, or otherwise attached to each

other, as Confidential Material, marking the first page of that document “PROTECTED,” or “Proprietary Matter,” or with another appropriate notice will suffice. Electronic copies of documents shall be designated by attaching an appropriate notice to the medium (e.g., compact disc) containing such documents and by electronically affixing such notice to the image of the pages of such documents.

(d) The transcript of any deposition or other pretrial testimony by any witness shall be deemed Confidential Material in its entirety for a period of ten (10) business days following the receipt of such transcript by each party’s counsel of record. Any party designating such testimony as Confidential Material shall provide the other party with an appropriately-marked transcript identifying those portions of the transcript that contain Confidential Material. Upon notification, remaining copies of the transcript shall be marked in accordance therewith.

(e) Should a party inadvertently fail to designate documents or information as Confidential Material or mistakenly designate documents or information as Confidential Material, the party discovering the inadvertence or mistake shall notify the other party for prompt correction.

(f) Counsel for either party may at any time object to the designation of documents or information as Confidential Material. If, after mutual consultation, the designating party and the objecting party are unable to resolve the objection, the objecting party may submit the matter to the court for resolution. Until the court resolves the dispute, the documents or information shall be treated as Confidential Material.

3. Documents and information designated as Confidential Material shall be disclosed

only to:

(a) Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

(b) Employees of a party (or of LGS Innovations LLC, an affiliate of Lucent) who are assisting counsel in the preparation and trial of this action;

(c) Consultants, investigators, and experts retained by the parties or counsel to assist (whether or not designated as trial witnesses) in the preparation and trial of this action;

(d) Court reporters engaged for depositions, and employees of such court reporters reasonably necessary for the transcription of depositions;

(e) The court and its personnel, and the court of appeals and its personnel in the event of any appeal relating to this action; and

(f) Any other person or entity to whom counsel for the party producing the Confidential Material agrees in writing, or whom the court directs, to have access to such Confidential Material.

4. Any person described in paragraphs 3(b), 3(c), 3(d) or 3(f) to whom Confidential Material is disclosed shall be informed of the confidentiality undertakings set forth in this Order and shall execute an agreement in the form of the confidentiality agreement attached as Exhibit A.

5. Confidential Material shall be used solely for the purposes of this litigation and shall not be disclosed to anyone other than those individuals identified in paragraph 3 above unless this Order is modified by the Court.

6. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, or is utilized in any manner other than as authorized by this Order, the person responsible for such disclosure or use shall, upon discovery of the disclosure or use, immediately inform the party that produced the Confidential Material that was disclosed or used of all facts pertinent to such disclosure or use that, after due diligence and prompt investigation, are known to the person responsible for the disclosure or use, including the name, address, and employer of the person to whom the Confidential Material was disclosed or by whom such Confidential Material was used. The person responsible for the disclosure or use shall also make reasonable efforts to prevent disclosure or use by each person who received Confidential Material and to obtain the return of the Confidential Material.

7. No document (including motions, briefs, depositions, and exhibits) containing Confidential Material shall be filed with the Clerk of the United States Court of Federal Claims unless filed separately under seal in an envelope with a legend on the envelope and documents substantially as follows:

> This envelope/document contains protected information.
> Disclosure or use of such information is restricted by court order.
> This document is filed under seal.

8. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of protected documents consistent with this agreement, prevent or limit in any way the use of such documents and information by any agency in any proceeding regarding any potential violation of law or regulation.

Case 1:04-cv-01451-JJF Document 60 Filed 08/14/2007 Page 6 of 7

9. The inadvertent or mistaken production of any privileged documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the party who produced the documents in discovery, all such inadvertently-produced documents, and all copies of such documents, shall be returned to the producing party within five (5) business days of such demand, and such documents shall not be introduced into evidence, or be subject to production, in this or any other proceeding, without the consent of the party who produced the documents in discovery. This agreement shall not deprive Lucent or the Government of the right to contest any privilege claim.

10. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, counsel for plaintiff (i) shall destroy all Confidential Material (including any reproduction of such documents) produced to plaintiff in discovery either by the Government or by any other party, and certify in writing to the Government and any other producing party that such destruction has occurred, or (ii) shall return the Confidential Material to the party or parties from which the Confidential Material was received. Provided the documents are marked "protected" and are properly secured, counsel for plaintiff may retain one copy of the unredacted Confidential Material.

11. The court, however, reserves the right, after reviewing the record and other information submitted by the parties, and after notice and an opportunity for the parties to be heard, to modify this Order in the event that the court determines either that such information is not business confidential, privileged, or proprietary, or that its public disclosure would not adversely affect national defense and/or national security.

**IT IS SO ORDERED.**

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**