IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DIRECTV GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No: 04-1414C<br>(Judge Firestone) |

**PLAINTIFF DIRECTV GROUP, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER AMENDING PROTECTIVE ORDER**

The United States of America ("the Government") has moved to amend the July 18, 2008 Protective Order issued by the Court in this case (Docket No. 95). That Order requires each party upon conclusion of this litigation to return or destroy all protected data. The Government now asks the Court to eliminate the "return or destroy" obligation, and instead to permit the parties to retain in perpetuity a copy of all protected and confidential material produced in this case. The DIRECTV Group, Inc. ("DIRECTV") believes that, in order to properly safeguard the confidential or proprietary information belonging to DIRECTV, the Government, or third parties, DIRECTV and the Government should be obligated to return or destroy all confidential material at the termination of this case, and therefore requests that the Government's motion be denied.

This and the other CAS 413 cases involve the pensions of tens of thousands of employees and retirees. It is foreseeable that documents produced under the protective order may contain names, birthdates, social security numbers, and other confidential personal information requiring the utmost protection. Simply leaving that information in Government files years after the attorneys familiar with the data and the obligations of this Court's Order are gone risks compromising that information and is unfair to those individuals.

In addition to the personal information of the employees and retirees, other confidential information disclosed in this case will likely belong to other companies who are not parties to this litigation, especially Raytheon Company and The Boeing Company, who were the acquirers of the two former DIRECTV segments at issue in this case. The data of those companies is also deserving of even greater protection than the data of a party. Indeed, adopting the Government's position here would create the anomalous situation in which Raytheon's data produced in its own CAS 413 case before this Court, *Raytheon Company, v. The United States*, No. 05-448C, would receive greater protection than data involuntarily produced in this same type of case before the same Judge. The Government could be entitled in this case to retain the very same Raytheon data that it is already required to return to Raytheon when produced in that case. There is no basis for such an inconsistent approach.[1]

The Government offers no practical reason why the Court should amend the Protective Order to remove the "return or destroy" provision, and no reason that such a diminution in the

[1] This Court has promoted consistency in the six CAS 413 cases pending before it. This was again reflected in the Court's June 30, 2008, Order providing that the attorneys in all six cases may be admitted to the protective orders in each of the other cases. Because protected materials will be shared among attorneys for all six parties, the requirements of the protective orders should remain substantially the same, and materials produced in this one case should not be singled out for disparate treatment.

protection provided to the confidential data is either necessary or desirable. The Government cannot say that it is impossible or unduly burdensome to comply with the "return or destroy" requirement included in the Protective Order as entered, for it already has this same obligation in at least five other CAS 413 cases pending in this Court, including four cases pending in this courtroom.[2] The Government has not identified any continuing need for the data, and in reality it has no need for the data after the case is concluded.

Instead, the only reasons the Government offer are that this Court's special rule in bid protest cases permits the parties to retain a copy of protected materials, and because in one of two CAS 413 pending before Judge Braden, she permitted such retention. As explained more fully below, these two examples are irrelevant and provide no support to the Government's motion.

Bid protests rarely involve personal information such as presented here, and in most cases the vast majority of protected information is already in the agency's possession in the form of the competing proposals and the Government's own evaluation materials. Because of the unique characteristics of bid protest cases, that form has been specified by the Court as a model for those particular cases only.

The Government's citation to a protective order used in a CAS 413 case in another courtroom is equally unhelpful. The terms of the Protective Order entered by the Court are substantively identical to the terms of the protective orders entered by this Court in the other

---

[2] *Raytheon Company, v. The United States*, No. 05-448C, Docket Entry 31 (Protective Order entered July 13, 2006); *Viacom Inc. v. United States of America*, No. 01-79C, Docket Entry 25 (Protective Order entered on November 7, 2001); *General Motors Corporation v. The United States*, No. 00-40C, Docket Entry 69 (Protective Order entered on November 28, 2000); and *General Electric Company v. The United States,* No. 99-172C, Docket Entry 46 (Protective Order Entered on May 30, 2000).

CAS 413 cases now pending in this courtroom. While the Government cited *Lucent Technologies, Inc. v. United States*, No. 04-1511C, a case before Judge Braden that allows the Government to retain one copy of confidential data, it avoided informing the Court that Judge Braden actually has *two* pending CAS 413 cases[3], and that in the one not cited in the Government's pending motion, *AT&T Corp. v. United States*, No. 03-2258C, the Government itself, through the same attorney, requested a protective order requiring the return or destruction of protected materials.[4] In requesting that protective order, the Government relied on the very same cases on which DIRECTV relied, stating:

> "[T]he proposed protective order is essentially identical to the protective orders previously entered in *General Motors Corp. v. United States*, Fed. Cl. No. 00-40C and *General Electric Co. v. United States*, Fed. Cl. No. 99-172C." Attachment A at 1.

Moreover, when Judge Braden in *AT&T* initially issued a protective order based on the bid protest form protective order- a protective order that did not include an obligation for the parties to return or destroy confidential data- the Government joined AT&T in requesting that the Court substitute for this protective order the Government's proposed protective order including the "return or destroy" provision. By requesting that the bid protest form corrective order be substituted for by the protective order previously requested by the Government, the Government

---

[3] *AT&T Corp. v. United States*, No. 03-2258C and *Lucent Technologies, Inc. v. United States*, No. 04-1511C.

[4] The protective order proposed by the Government in *AT&T* provided:

"Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Material produced by AT&T and the Government in discovery, including any reproductions of such documents, must be either: (a) returned to the party who produced the documents in discovery or its counsel; or (b) destroyed and a written certification of such destruction provided by counsel for the receiving party." Attachment A at 9.

and AT&T specifically recognized that the bid protest protective order was not suited to their CAS 413 case. Attachment B at 2.

There is no basis for reducing the protection provided to protected materials in this case below that provided in the *GE*, *GM*, *Raytheon*, *Viacom*, and *AT&T* CAS 413 cases. The Government has made no showing whatsoever why this case is different than any of those cases or why it needs a right to retain confidential DIRECTV data that it lacks in all those other cases. The Protective Order properly requires that at the conclusion of this case, confidential material shall be returned or destroyed by both parties. That requirement should not be disturbed.

DIRECTV accordingly requests that the Court deny the Government's motion to amend the Protective Order entered July 18, 2008, and leave the Order as entered.

s/ Alexander F. Wiles
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

OF COUNSEL:
Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
(703) 584-3255
(703) 848-8333 (fax)

Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Dated: September 2, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the second day of September, 2008, a copy of the foregoing RESPONSE TO DEFENDANT'S MOTION FOR ORDER AMENDING PROTECTIVE ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Adam J. Fletcher
Adam J. Fletcher
IRELL & MANELLA LLP

# Attachment A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AT&T CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 03-2258C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR**
**ENTRY OF A PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court enter the attached proposed protective order in this case. Francis J. O'Toole, Esq., counsel for plaintiff, has reviewed this motion and the proposed protective order, and has authorized undersigned counsel for the Government to represent to this Court that plaintiff does not object to the grant of this motion.

In support of this motion, counsel for the Government states that some of the documents that may be produced by the parties in connection with this matter may contain proprietary, privileged, trade secret or otherwise confidential information. The proposed protective order would provide for the safeguarding of potentially protectable material. Furthermore, the proposed protective order is essentially identical to the protective orders previously entered in General Motors Corp. v. United States, Fed. Cl. No. 00-40C and General Electric Co. v. United States, Fed. Cl. No. 99-172C. For these reasons, the Government respectfully requests that the motion for a protective order be granted.

As soon as the Court has entered an appropriate protective order, the Government is prepared to produce documents to plaintiff, as directed by the Court in its scheduling order,

dated April 21, 2006. The Government respectfully request that, if possible, the Court enter the protective order in time to permit that production to go forward as scheduled on May 19, 2006.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

OF COUNSEL:

KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Attorneys for Defendant

Dated: May 19, 2006

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 19th day of May 2006, a copy of the foregoing "Motion for Entry of a Protective Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AT&T CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 03-2258C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, the parties have hereto agreed to enter into a protective order ("Order"), which will govern, among other things, the access of the parties to documents that contain information that is confidential, proprietary, privileged, or trade secret information. The parties agree that protected documents and/or information produced in discovery by either AT&T Corporation ("AT&T") or the United States of America ("the Government") during the course of this action shall be disclosed by the parties only as follows:

1. When used in this Order, the word "documents" means all written, recorded, or graphic material whatsoever, including, but not limited to, responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, deposition transcripts and any portion of any court papers that quote from or summarize any of the foregoing.

2. The designation of material as Confidential Material for purposes of this Order shall be made in the following manner:

(a) The party disclosing or producing the documents or information to be designated as Confidential Material (in whole or in part) shall first have made a good faith determination that the material is Confidential Material.

(b) When either party produces documents and/or things produced for initial inspection to the inspecting party's counsel of record, no marking need be made in advance of the initial inspection. Thereafter, upon selection of specified documents for copying for copying by the inspecting party's counsel of record, the party producing the documents shall mark the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party's counsel of record. In the event that documents are produced without first marking such material as confidential, then the party producing the documents may do so, within 30 days of such production, by notice in writing to the inspecting party's counsel of record. Upon such notification, the parties shall mark any original or copies of such material with the appropriate confidentiality marking.

(c) The designation of documents as Confidential Material shall be made by marking the information in any manner that will not interfere with legibility and reproduction, such as with the word(s) "PROTECTED," or "Proprietary Matter," or other appropriate notice. If a party intends to designate an entire multi-page document, i.e., pages that are stapled, clipped, rubber-banded, or otherwise attached to each other, as Confidential Material, marking the first page of that document "PROTECTED," or "Proprietary Matter," or with another appropriate notice will suffice.

(d) The transcript of any deposition or other pretrial testimony by any witness shall be deemed Confidential Material in its entirety for a period of ten (10) business days

following the receipt of such transcript by each party's counsel of record. Any party designating such testimony as Confidential Material shall provide the other party with an appropriately-marked transcript identifying those portions of the transcript that contain Confidential Material. Upon notification, remaining copies of the transcript shall be marked in accordance therewith.

(e) Should a party inadvertently fail to designate information as Confidential Material or mistakenly designate information as Confidential Material, the party discovering the inadvertence or mistake shall notify the other party for prompt correction.

(f) Counsel for either party may at any time object to the designation of information as Confidential Material. If, after mutual consultation, the designating party and the objecting party are unable to resolve the objection, the objecting party may submit the matter to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Confidential Material.

3. Documents and information designated as Confidential Material shall be disclosed only to:

(a) Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

(b) Employees of a party who are assisting counsel in the prosecution and defense of this action;

(c) Consultants, investigators and experts retained by the parties or counsel to assist (whether designated as trial witnesses or not) in the preparation and trial of this action;

(d) Court reporters engaged for depositions, and employees of such court reporters reasonably necessary for the transcription of depositions;

(e) The Court and its personnel and any appeal herein; and

(f) Any other person or entity to whom counsel for the party producing the confidential information agree in writing, or who the Court directs to have access to such information.

4. Any person described in paragraphs 3(b), 3(c), 3(d) or 3(f) to whom Confidential Material is disclosed shall be informed of the confidentiality undertakings set forth in this Order and shall execute an agreement in the form of the confidentiality agreement attached hereto as Exhibit A.

5. Confidential Material and the protected information contained therein shall be used solely for the purposes of this litigation and shall not be disclosed to anyone other than those individuals identified in paragraph 3 above unless the Order is modified by the Court.

6. If Confidential Material and the protected information contained therein is disclosed to any person other than in the manner authorized by this Order, or is utilized in any manner other than as authorized by this Order, the person responsible for the disclosure or use shall, upon discovery of the disclosure or use, immediately inform the party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the person responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made. The person responsible for the disclosure shall also make reasonable efforts to prevent disclosure by each person who received Confidential Material and to obtain the return of the Confidential Material.

7. No document (including motions, briefs, depositions, and exhibits) containing protected information shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and documents substantially as follows:

> This envelope/document contains protected information.
> Disclosure or use of such information is restricted by Court order.
> This document is filed under seal.

8. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of protected documents consistent with this agreement, prevent or limit in any way use of such documents and information by any agency in any proceeding regarding any potential violation of law or regulations.

9. The inadvertent or mistaken production of any privileged documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the party who produced the documents in discovery, all copies of any inadvertently produced documents shall not be copied, shall be returned within five (5) business days of such demand, and such documents shall not be introduced into evidence, or be subject to production, in this or any other proceeding without the consent of the party who produced the documents in discovery. This agreement shall not deprive AT&T or the Government of the right to contest any privilege claim.

10. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Material produced by AT&T and the Government in discovery, including any reproductions of such documents, must be either: (a) returned to the party who produced the documents in discovery or its counsel; or (b) destroyed and a written certification of such destruction provided by counsel for the receiving party.

________________________________
Judge Susan G. Braden

Dated: ____________, 2006

# Attachment B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AT&T CORP., Plaintiff, | ) | No. 03-2258C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Amended Scheduling Order dated June 29, 2006, plaintiff AT&T Corp. ("AT&T") and defendant United States of America ("the United States") (together referred to as the "Parties") jointly and respectfully submit the following Joint Status Report containing their proposed amendments to the Court's April 21, 2006 Scheduling Order. The Parties respectfully suggest the following schedule for the Court's consideration:

| | |
|---|---|
| September 1, 2006 | AT&T to respond to Government's written discovery requests and produce documents |
| January 31, 2007 | Completion of fact discovery |
| March 15, 2007 | Expert witness reports and disclosures, and responses to any expert witness discovery to be provided |
| April 30, 2007 | Completion of expert depositions |
| May 10, 2007 | Parties to file a joint status report recommending the course of further proceedings in this case |

The Parties respectfully note that the Protective Order entered by the Court on June 29, 2006, appears to be a standard form protective order used by the Court in bid protest cases, rather than the protective order text proposed by Defendant in its Motion for Entry of a Protective

Order, dated May 19, 2006, to which counsel for Plaintiff did not object. As noted by Defendant in its May 19, 2006 filing, the proposed protective order was essentially identical to protective orders previously entered in other cases before this Court. The bid protest-related text, which seeks to safeguard source selection information and otherwise establishes safeguards relating to documents produced by the Government to both a protester and any intervenors, is more stringent and burdensome than the protective order that had been proposed by Defendant.[1] Because the burden imposed by the Protective Order as entered falls upon plaintiff AT&T, plaintiff respectfully requests that the Court review whether it would be willing to substitute the text of Defendant's proposed protective order for the one entered on June 29, 2006. Defendant agrees with plaintiff AT&T's request in this regard.[2]

[1] For example, the proposed protective order permitted the documents to be shared with employees of the parties and the entered protective order limits access to attorneys, experts and consultants. Also, the entered protective order contains more onerous marking requirements than the parties believe necessary given the nature of the documents at issue here.

[2] Because the Government's production of documents has not occurred pending implementation of the protective order by the Plaintiff, the parties respectively request the Court address at its earliest convenience whether it would be willing to substitute the text of Defendant's proposed protective order for the one entered on June 29, 2006.

Respectfully submitted this 14th day of July, 2006.

s/Howard J. Stanislawski
HOWARD J. STANISLAWSKI
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone (202) 736-8600
Facsimile: (202) 736-8711

OF COUNSEL
RICHARD G. VARTAIN
Senior Attorney
AT&T Enterprise Service, Inc
7125 Columbia Gateway Drive, Rm. 2C06
Columbia, MD 21046-2552
Telephone: (443) 896-5240
Facsimile: (443) 896-2195
E-mail: rvartain@att.com

Attorneys for Plaintiff,
AT&T Corp.

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 307-0453
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Attorneys for Defendant, United States of America

**CERTIFICATE OF FILING**

I hereby certify that on the 14th day of July, 2006, a copy of the foregoing Joint Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by ooperation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Howard J. Stanislawski